DAVID PATTERSON v. S. P. TOWNSEND & SON, Appellant.

STREET CAR COLLIDED WITH WAGON. Question of negligence and contributory negligence held to be for jury.

*Appeal from Keokuk Superior Court.*—HON. H. BANK, Judge.

WEDNESDAY, MAY 23, 1894.

THE plaintiff is a vendor of milk in the city of Keokuk, which he delivers to his customers from a wagon. The defendants are the owners of the Keokuk electric railway. The plaintiff attempted to drive his team and wagon across the defendants' railroad track at the intersection of two streets in the city, and his wagon was struck by one of the defendants' cars, and he brought this action to recover damages for the injury resulting from the collision. There was a verdict and judgment for the plaintiff, and defendants appeal.—*Affirmed.*

*W. J. Roberts* for appellants.

*Gibson Brown* for appellee.

ROTHROCK, J.—The petition contained averments charging that the car which came in collision with the wagon was carelessly and negligently operated, so that it became unmanageable and could not be controlled, and that the speed thereof was unusual, and that he (the plaintiff) was without fault or negligence in attempting to cross the railroad track at the time he received the injury. The case presents the usual contention, involving negligence of the defendant and contributory negligence of the plaintiff. The instructions given by the court to the jury are not objectionable. They correctly state the principles of law applicable to cases of this character. It appears that the railroad track of the defendants is laid along Palean street in said city. That street is laid out at right angles with, and crosses, Fifth street. The railroad approaches Palean street from Sixth street on the usual curve. The plaintiff was driving his wagon along Fifth street, and, when he approached the crossing of Palen street, he looked up the street, and saw the car moving around the curve from Sixth street. The car was then about three hundred feet away from the Fifth street crossing, and it appeared to the plaintiff to be moving at an unusual rate of speed. The fact is, that there was considerable of a descent in the line from Sixth to Fifth street, and the track was slippery by reason of a recent shower of rain, and the car was not within the control of the motorman in charge of it. It made no stop at Sixth street because it would not respond to the brakes. Counsel for appellants discusses the question as to the relative rights of street railroad companies and the drivers of vehicles upon the streets. The case at bar is somewhat controlled by an ordinance of the city which provides that cars shall be entitled to the track in all cases. If a wagon or other vehicle is driven along the track or standing on a crossing, it would be absurd to contend that it should not give way to a moving car, for the simple reason that the car must run on the track. At a street crossing, it is the duty of the driver of a vehicle to regulate his movements so as to avoid the approach of cars on the railroad. It would be palpable negligence for the driver of a wagon or carriage to recklessly drive upon a crossing in a race with an approaching car. In all such cases it should be held that the driver of the vehicle takes his chances of a collision, and he ought to have no remedy if an accident occurs. But no principle of law or common sense requires that the driver of a vehicle should stop his team and await the passing of an approaching car if he discovers the car on the line at such a distance as that, in the exercise of reasonable care and prudence, he may safely proceed on his way and cross the track. Much is said in argument about the question whether the rule requiring a person about to cross the track to stop and look and listen for an approaching car, and whether the rule applicable to a railroad operated by trains and steam locomotives, should apply to an electric railroad. That question is not in this case. There is no claim that plaintiff did not see the approaching car. He saw it when it was

three hundred feet away from the crossing. The question is, did he use proper care and caution in determining whether he could safely cross the track? That was a fair question, under the evidence, for the jury to determine. And the question of the negligence of the motorman was also a proper question for the jury. The fact that his car was beyond the control of the brakes at Sixth street, and that he did not reverse the current, and set the wheels revolving backward, until it was too late to avoid the collision, was rightly submitted to the jury for their consideration in determining the negligence charged against the defendants. The case demands no further elaboration, and the judgment of the district court is AFFIRMED.