## West Chicago St. R. R. Co. v. Timothy O'Connor.

1. STREET RAILWAYS—*Rights of Private Citizens.*—The rights of street railway companies and of private citizens in the public highways are, in law, mutual. Their duties and obligations are reciprocal. Neither has the right, unreasonably or unnecessarily, to obstruct or interfere with the use of the street by the other in a proper manner.

2.   SAME—*Care Required—Obstruction of Streets.*—Where a street car company obstructs the portion of a street outside of its tracks by pushing snow from that part of the street upon which its tracks are laid, and also obstructs one of its tracks with a repair wagon, so that there remains only the other track upon which citizens may drive, it is incumbent upon its employes to be more watchful and cautious to prevent accidents than in cases where the whole street is unobstructed and open to the use of persons driving along it.

3.   INSTRUCTIONS—*Burden of Proof and Preponderance of the Evidence.*—The court states in the opinion and approves an instruction upon the burden of proof and preponderance of the evidence.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

**Statement.**—Appellant operates a double track street railway running north and south on Desplaines street in the city of Chicago. Lake and Fulton streets cross Desplaines street. Commencing north of Lake street, and at or near Fulton street, is an upward incline in Desplaines street running north 200 or 300 feet to a steam railway viaduct. December 2, 1895, appellee, driving a team of horses attached to a heavily laden wagon, approached from the east on Lake street and turned onto Desplaines street. He drove north upon the east (north-bound) track on Desplaines street, until he reached a repair wagon belonging to appellant, which was standing near the Fulton street crossing, on the east track, while the men upon it were repairing trolley wires overhead. The man upon the trolley wagon refused to turn out so that appellee could continue along the east track. The snow, which had then recently fallen, had been pushed off and to the sides of the tracks by appellant, and lay upon the street between the tracks and the sidewalks, to the depth of one foot or more. On the viaduct, 300 or 400 feet from the trolley wagon, a grip-car of appellant was approaching. Appellee turned from the east to the west track to pass around the trolley wagon. After he had passed the trolley wagon, and as he was turning back onto the east track, the grip-car, then coming down the

incline, struck the forward wheel of the wagon upon which appellee was seated, and threw him off and caused the injury complained of.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

JOHN J. COBURN and MUNSON T. CASE, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Counsel for appellant, in their printed brief, say that the "errors relied upon" are as follows, viz.:

### "I.

"The court erred in refusing to exclude the evidence and direct a verdict of not guilty.

"(a) On issue of plaintiff's care.

"(b) On issue of negligence charged.

### "II.

"The verdict is against the law and the evidence and the weight of evidence.

### "III.

"Erroneous ruling on instruction."

First. In this case, as argued by counsel, the burden rested upon appellee to show by a preponderance of evidence (a) that he was himself in the exercise of ordinary care, and (b) that appellant was guilty of negligence as charged in the declaration. Usually these questions of fact are to be determined by the jury, under proper instructions by the court. In this case they were properly submitted to the jury and the verdict was warranted by the evidence.

Appellee was upon the right hand track. He could not proceed further upon that track because of the repair wagon. He could not turn to the right because the appellant had so incumbered that portion of the street with snow that he could not pass with his load on that side of the repair wagon. There was but one way for him to pass the

repair wagon, and that was to turn to the left onto the west track, which he did. The grip-car approaching upon that track was 300 or 400 feet distant on the top of the viaduct. The tracks at that point were straight and there was nothing to obstruct the view of the gripman. Appellee had a right to suppose that the gripman would exercise ordinary care under all the circumstances. The evidence would justify a conclusion by the jury that the gripman did not apply the brakes until he was within a short distance of the appellee. If he did not, that certainly was negligence. If he failed to see the high repair wagon and try to prevent any injury to appellee, that was negligence. The gripman must have known that the snow pushed to the side of the tracks obstructed the passage by loaded wagons. He was bound to exercise what would be reasonable care, taking into account all the facts and circumstances as they then existed, and were apparent to him. The jury must have concluded that he did not. At any rate, they would be justified, under the testimony in this case, in so finding. The rights of the street railway company and of the private citizen in the public highways are, in law, mutual. Their duties and obligations are reciprocal. Neither has the right, unreasonably or unnecessarily, to obstruct or interfere with the use of the street by the other in a proper manner. And when a street car company has obstructed that portion of the street outside of its tracks, by snow pushed from that part of the street upon which its tracks are laid, and has obstructed one of its tracks with a repair wagon, so that there remains only the other track upon which a citizen may drive, it is incumbent upon the employes of the car company to be more watchful and cautious to prevent accidents than if the whole street was unobstructed and open to the use of persons driving along such street.

Second. As to the second assignment of error relied upon on behalf of appellant, counsel fail to indicate wherein the verdict is in any respect against the law. It certainly is not so against the weight of evidence as to justify a reversal by this court of the judgment entered thereon.

Third. The only instruction, the giving of which it is contended by appellant was erroneous, is as follows, viz.:

" The court instructs the jury that while as a matter of law the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although slightly, it would be sufficient for the jury to find the issues in his favor."

Counsel for appellant say that this instruction " substantially removes and excludes from the jury's consideration all the evidence introduced by the defendant " (appellant). It has been held by the Supreme Court and by this court that this criticism is not well founded, and that the giving of this instruction is not erroneous. Taylor v. Felsing, 164 Ill. 332; W. C. St. R. R. Co. v. Marzalkiewiecz, 75 Ill. App. 241.

The judgment of the Circuit Court is affirmed.