[No. 15798.  Department One.  July 24, 1920.]

Lewis A. Coons *et al., Respondents,* v. Olympia Light
& Power Company, *Appellant.*[1]

Street Railways (29)—Operation—Actions for Injuries—Collision—Negligence—Question for Jury. In an action for damages from a collision between a street car and an automobile, the negligence of the company is for the jury, where it had obstructed the right-hand side of the street by a street car, waiting upon a switch to meet another car, requiring the driver of the automobile to pass around and over the main tracks, and a street car, approaching on a dark, rainy night, failed to sound any warning of its approach.

Same (30) — Operation — Action for Injuries — Contributory Negligence. In such a case, the contributory negligence of the driver of the automobile is a question for the jury, where there was evidence that his vision was obscured by rain on the windshield and by the lights of many automobiles and the fully lighted street car on the spur track, and that he looked around the windshield and saw no car approaching, and turned out to pass around the standing car and was struck by the oncoming car which he failed to see.

Same (25)—Negligence of Motorman—Evidence—Admissibility. In an action for injuries from a collision between a street car and an automobile, although the negligence primarily relied on was the obstruction of the right side of the street, it was proper to admit testimony that the motorman could have stopped his car before hitting the automobile, since defendant's negligence is to be determined by all the circumstances of the case, including the manner in which the car was being operated.

Same (27)—Rate of Speed—Evidence—Admissibility. In an action for injuries from a collision between a street car and an automobile, where the complaint alleged that the speed of the oncoming car contributed to the injury, but did not allege that such speed was excessive, the admission of evidence that it. was "coming pretty fast" is not error, since the plaintiff had a right to show the car's actual speed, from which the jury might determine whether defendant was negligent in that regard in approaching an obstructed street intersection.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered October 18, 1919,

[1]Reported in 191 Pac. 769.

upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages sustained in a collision between a street car and an automobile. Affirmed.

*Troy & Sturdevant* and *Poe & Falknor*, for appellant.

*Harry L. Parr* and *T. M. Vance*, for respondents.

MACKINTOSH, J.—Fourth street, in Olympia, runs in an easterly and westerly direction, and upon it the appellant operates a single track street car line. Easterly from Chestnut street, Fourth street rises for a short distance, then slopes slightly to the east, and then for a considerable distance continues on a sharp upward grade. At the intersection of Fourth and Chestnut streets, a spur track extends southerly for a couple of blocks to the appellant's car barns. The track on Fourth street is laid to the north of the center of the street.

A collision occurred at the intersection of Fourth street and Chestnut between a car owned by the appellant and the automobile owned by the respondent. An action was begun for the recovery of damages occasioned by this collision, and from a verdict and judgment in favor of the respondents, this appeal has been prosecuted.

The appellant claims that there was not sufficient evidence in the case to warrant its submission to the jury, and that the court should have held, as a matter of law, that the injury complained of was occasioned not by the negligence of the appellant, but by the negligence of the respondent. It therefore becomes necessary to examine the testimony in this case to determine whether there was presented a question of fact for the jury to pass upon.

The evening of November 13, 1918, was a dark and rainy one in Olympia, and somewhere about six o'clock the respondents came from the south into Fourth street, a few blocks to the west of Chestnut street, and proceeded in an easterly direction toward their home. Observing the rules of the road and the statutory requirement that he drive his automobile on the south side of the street, respondent kept as near as possible to the curb at his right. At the intersection of Fourth and Chestnut streets the appellant had parked a car, loaded with passengers, upon the spur track. This car was waiting the passage of a west-bound car so that it might then back into the main track and proceed easterly upon its trip. This car was twenty-six feet, four inches, in length, with a fender which extended in front the further distance of two and one-half feet. Upon the rear was a fender which extended eighteen inches from the body of the car, thus making the total length of the obstruction thirty feet, four inches. The distance from the south rail of the street car track to the curb line of Fourth street was twenty-seven feet. The evidence is in dispute as to how far the standing car was in upon the spur track, but, taking the evidence in its most favorable light to the respondent (as we must in considering the question of whether there was sufficient evidence to go to the jury), it shows that the car was standing in such position that, in order to pass to the north of it, it was necessary for the left wheel of respondent's automobile to pass over the south rail of appellant's track. The testimony justified the jury in arriving at the conclusion that it was impossible for the respondent to pass to the south of the standing car, as to do so would have necessitated his driving upon the portion of Chestnut street reserved for pedestrians; in other words, to

have passed to the south of the curb line of Fourth street.

At the time, the street lights of Fourth street were lighted, and as they extended up the hill easterly on Fourth street, it was difficult to distinguish them from the headlight of a down-coming street car. This being a busy portion of the city and a busy time of the day, many automobiles were coming down the Fourth street hill and their headlights added to the confusion. The presence of the fully lighted street car standing on the spur track increased the difficulty of a clear and accurate vision. As the respondent approached the standing street car, he testified that he looked through the windshield, which was rain-spattered, and, as an extra precaution, looked to the left around the windshield and saw no street car approaching from the east, and then, as he came nearer to the rear of the standing car, he turned his automobile, which was of the width of five feet, three inches, to the north of the car, and was proceeding to pass it, when he was struck by appellant's street car, west-bound, which, prior to that time, he had not seen, although it carried the customary headlight, which was lighted. There was testimony in the case that no bell was rung or warning given of the approach of the car.

These facts presented a question for the jury to determine whether the appellant was negligent in obstructing the highway and being the cause of the injury, or whether the respondent had used ordinary care for his own safety. If the standing, lighted street car rendered the approach of the east-bound car undiscernible to the respondent, and the entire situation was such, considering the state of the weather and of the lights and obstruction, that a reasonably prudent man would have proceeded as did the respondent, the

jury would be justified in concluding that he was guilty of no contributory negligence.

The appellant desires this court to hold that the respondent should have been held guilty of contributory negligence upon the strength of certain decisions of this court, which, however, seem to us to be clearly distinguishable upon their facts.

The case of *Herrett v. Puget Sound T., L. & P. Co.,* 103 Wash. 101, 173 Pac. 1024, holds that the driver of an automobile cannot deliberately drive upon a street car track and excuse himself by saying that he looked, when, if he had looked, he could not have helped seeing the approaching car. In that case there was no excuse for the driver's failure to see the street car. In the instant case, the condition of the lights of the street and of approaching automobiles, and the standing obstruction created by the appellant in the street, all furnished reasons and excuses for the respondent's failure to see the car which ultimately struck him. It will not do to say that the respondent was guilty of contributory negligence because a passenger on the west-bound car witnessed the respondent's approach. *Steuding v. Seattle Elec. Co.,* 71 Wash. 476, 128 Pac. 1058; *Bardshar v. Seattle Elec. Co.,* 72 Wash. 200, 130 Pac. 101; *McEvilla v. Puget Sound T., L. & P. Co.,* 95 Wash. 657, 164 Pac. 193, and *Devitt v. Puget Sound T., L. & P. Co.,* 106 Wash. 449, 180 Pac. 483, may be likewise distinguished from this case, in that here the driver of the automobile did not deliberately drive upon a street car track and attempt to say that he looked but did not see what could have been avoided had he looked. There was sufficient evidence here from which the jury could say that the respondent made reasonable use of his senses "to guard his own safety." *Bowden v. Walla Walla etc. R. Co.,* 79 Wash. 184, 140 Pac. 549.

·In the cases relied on by the appellant, there were no physical facts or conditions, such as disclosed by the record in this case, to prevent or render difficult the view to be had of the approaching street car. It is urged that the respondent could have seen the approaching street car, had he looked, from three or four blocks to the west of the point of collision. As a matter of law, it is not his duty to look from that distance. It is a question for the jury to say whether he should have done so. This case seems to fall squarely within the decision of *West Chicago Street Ry. v. O'Connor*, 85 Ill. App. 278, where the street car company had obstructed a portion of the street outside of its tracks by pushing snow from that part of the street upon which its tracks were laid, and had also obstructed one of its tracks with a repair wagon, so that there remained only the other track upon which vehicles might drive. In that case the court held it was incumbent upon the street car company's employees to be more watchful and cautious than they would be if the whole street were open and unobstructed to persons driving along the street, and held the case properly submitted to the jury. The court said:

"Appellee was upon the right-hand track. He could not proceed further upon that track because of the repair wagon. He could not turn to the right because the appellant had so incumbered that portion of the street with snow that he could not pass with his load on that side of the repair wagon. There was but one way for him to pass the repair wagon, and that was to turn to the left onto the west track, which he did. The grip car approaching upon that track was 300 or 400 feet distant on the top of the viaduct. The tracks at that point were straight and there was nothing to obstruct the view of the gripman. Appellee had a right to suppose that the gripman would exercise ordinary care under all the circumstances. The evidence would

justify a conclusion by the jury that the gripman did not apply the brakes until he was within a short distance of the appellee. If he did not, that certainly was negligence. If he failed to see the high repair wagon and try to prevent any injury to appellee, that was negligence. The gripman must have known that the snow pushed to the side of the tracks obstructed the passage by loaded wagons. He was bound to exercise what would be reasonable care, taking into account all the facts and circumstances as they then existed, and were apparent to him. The jury must have concluded that he did not. At any rate, they would be justified, under the testimony in this case, in so finding. The rights of the street railway company and of the private citizen in the public highways are, in law, mutual. Their duties and obligations are reciprocal. Neither had the right, unreasonably or unnecessarily, to obstruct or interfere with the use of the street by the other in a proper manner. And when a street car company has obstructed that portion of the street outside of its tracks, by snow pushed from that part of the street upon which its tracks are laid, and has obstructed one of its tracks with a repair wagon, so that there remains only the other track upon which a citizen may drive, it is incumbent upon the employes of the car company to be more watchful and cautious to prevent accidents than if the whole street was unobstructed and open to the use of persons driving along such street.''

The court was, therefore, correct in submitting the case to the jury.

Appellant bases another claim of error on the admission of testimony that a motorman, seeing an obstacle on the track one hundred and fifty or two hundred feet away, could stop his car before hitting the object. Although the primary negligence relied on was the leaving of appellant's car upon the spur track, the entire conduct of the appellant was subject to examination, and the question of what was negligence on the part of the appellant is to be determined by all of the

circumstances of the case, and it was properly permitted to the respondent to show in what manner the west-bound car was being operated, as the appellant's negligence might have been the failure of the motorman to promptly stop his car, in view of the situation as to the standing car.

The statement also answers the other assignment of error complained of, that the court admitted evidence of the alleged excessive speed of the west-bound car. It is true that the complaint did not allege excessive speed, but merely that the speed of appellant's west-bound car contributed to the injury, and the evidence merely went to the extent of showing that it was "coming pretty fast." The respondent was entitled to a proper performance of duty by the street car operators and had a right to assume that any street car would approach the crossing, with its obstruction, at a reasonable rate of speed. What was a reasonable rate of speed depends on the surrounding circumstances. *Atherton v. Tacoma etc. Co.*, 30 Wash. 395, 71 Pac. 39, indicates the principle to be that "safety in the speed is relative, and depends on the facts of the case, and, where they are disputed, it must be submitted to the jury." Under the allegation that the speed of the west-bound car contributed to the injury, the respondent had a right to produce testimony as to the car's actual speed, and from it the jury might determine whether the appellant was negligent in that regard in approaching the blocked street intersection.

Finding no error in the record, the judgment is affirmed.

HOLCOMB, C. J., TOLMAN, MAIN, and MITCHELL, JJ., concur.