[No. 16131.  Department One.  December 21, 1920.]

ELMER JOHNSON, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

STREET RAILROADS (22, 29)—INJURIES—PROXIMATE CAUSE—QUESTION FOR JURY. Whether a truck was struck by a street car at a street intersection is for the jury, where the evidence to that effect was contradicted by eyewitnesses.

SAME (19, 30) — CONTRIBUTORY NEGLIGENCE — FAILURE TO STOP, LOOK AND LISTEN—QUESTIONS FOR JURY. The driver of a truck, struck by a street car, is not guilty of contributory negligence as a matter of law, in failing to stop, look and listen, where the street car operator failed to sound the signal on approaching the street crossing.

APPEAL (143)—PRESERVATION OF GROUNDS—EXCEPTIONS—GENERAL EXCEPTIONS TO INSTRUCTIONS. Exception to instructions will not be reviewed where they are too general to apprise the trial court of the precise contention made.

[1]Reported in 194 Pac. 417.

STREET RAILROADS (31)—ACTIONS FOR NEGLIGENCE—INSTRUCTIONS—LAST CLEAR CHANCE. It is error to give instructions on the doctrine of last clear chance where obstructions that prevented the driver of an auto truck from seeing an approaching street car must have prevented the motorman from seeing the truck in time to avoid collision.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 14, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained in a collision with a street car. Reversed.

*Walter F. Meier* and *Frank S. Griffith,* for appellant.
*Walter S. Fulton,* for respondent.

FULLERTON, J.—In this action, the respondent Johnson recovered against the appellant, city of Seattle, for injuries to his person and property, which he alleged were caused by the negligent operation of a street car of the appellant.

From the evidence the jury were warranted in finding the following facts:

First avenue is a street of the appellant city extending north and south. It has upon it two parallel street car tracks. These tracks are equidistant from the center of the street, their inner rails being five feet three and one half inches apart. Over these tracks, the city operates street cars; the outbound cars (those going north) are operated on the east track and the inbound cars on the west track. Blanchard street is a street crossing the street first named at a right angle. The respondent is an expressman, using in the conduct of his business an automobile truck, which he owns. His business hours are usually from three o'clock in the afternoon until midnight. On the night of May 4, 1919, between the hours of ten and eleven o'clock, the respondent, after finishing his work, started for his

home driving north upon First avenue on the east side
of the east car track, intending to turn west on Blan-
chard street. As he approached Blanchard street, a
street car passed him on the east track going in the
direction in which he was traveling. As he reached
the intersection, an automobile going north passed him
following close to the street car. He slowed down the
speed of his truck to let the automobile clear his front
and turned behind it and to his left on Blanchard
street. As he reached the inbound track he saw a
south-bound car approaching him about "fifty or
sixty" feet away, and was struck by it before he could
clear his truck from the street car track. The operator
of the car sounded no gong or bell, nor did he give any
other warning of the car's approach. The car was
traveling rapidly, its speed being estimated as high as
thirty-five miles an hour. From the time the respond-
ent reached Blanchard street until after he turned to
the west, his line of vision to the north was obscured
by the street car and the automobile which had just
passed him, and he could not see the approaching car,
but whether he looked for an approaching car prior
to the time his vision was thus obscured, or whether
he could have seen a car for any considerable distance
had he so looked, the record is silent.

At the close of the respondent's case in chief, the
appellant moved for a nonsuit, which motion the trial
court denied, and its action in so doing constitutes the
first error assigned. In its argument upon this ques-
tion, the appellant makes two contentions, the first of
which is that the evidence conclusively shows that the
accident did not occur at Blanchard street, but that it
occurred some twenty or more feet north of the north
line of that street, and was a head-on collision, not
such a collision as the respondent described. But

while the city produced evidence tending strongly to substantiate its claim, the evidence on the question was contradictory. Not only did the respondent himself testify to the contrary, but he produced eyewitnesses of the accident who substantiated his own evidence. The question therefore was for the jury.

The second contention is that the respondent was guilty of such contributory negligence as to prevent a recovery. This presents a more serious question, but we think it must also be resolved against the appellant. Contrary to the rule applicable to ordinary railroads, we have held that it is not negligence in itself to fail to stop, look and listen before crossing a street car track. This, of course, does not mean that a person so crossing may act blindly, without giving any heed to his own safety; it means simply that the rule is not one of uniform application to such a situation; that a person is not to be charged with negligence from the fact alone that he did not stop, look and listen. If the conditions are such that it would be the duty of an ordinarily prudent person to stop, look and listen before crossing the track, then the person crossing must do so, else be charged with negligence for not so doing. Stated in another way, the omission of the duty is but a fact to be weighed with all other facts and circumstances surrounding the case in determining the question of negligence or contributory negligence.

Applying this principle to facts shown here, it is our conclusion that the court cannot say, as matter of law, that the respondent was guilty of negligence. In the language of the governing ordinance, it was the duty of the operators of the car to have "attached thereto a bell, gong, horn, whistle, or other signal device capable of producing an abrupt sound sufficiently

loud to be heard above the noise of traffic and to serve, as an adequate warning of the approach of such'' car; and it is made the duty of the operator of the car to sound such signal device in all instances where there is danger of a collision. Plainly, it was for the jury to say whether the circumstances shown here made it the duty of the operator of the street car to sound the signal on approaching the street crossing, and it would seem that it was equally their duty to say whether, since they found that no alarm was sounded, the respondent was guilty of negligence in attempting to cross the street car track, without stopping to look and listen for an approaching car. Individual opinions are not to govern in such cases. The facts must be such that reasonable minds cannot reasonably differ on the question before negligence can be declared to exist as matter of law.

Counsel for the city have brought to our attention many cases wherein they contend the facts are similar, and wherein we have held that the facts relegated the question to one of law. These cases we do not feel called upon to review specially. Each of them, we think, will be found to contain facts and circumstances not here present—facts and circumstances which render them distinguishable from the facts here shown. As cases tending to support our conclusion, however, we cite the following: *Burian v. Seattle Elec. Co.,* 26 Wash. 606, 67 Pac. 214; *Johannessen v. Washington Water Power Co.,* 104 Wash. 182, 176 Pac. 8; *Coons v. Olympia Light & Power Co.,* 111 Wash. 677, 191 Pac. 769; *Carlisle v. Hargreaves,* 112 Wash. 383, 192 Pac. 894; *Ziomko v. Puget Sound Elec. R.,* 112 Wash. 426, 192 Pac. 1009.

The appellant complains of certain of the instructions given by the court to the jury. To all of these,

save one, we think, the exceptions were too general to apprise the trial court of the precise contention made, and that they cannot, for that reason, be reviewed in this court. But the court gave an instruction on the doctrine of last clear chance. After defining negligence and contributory negligence, it said:

"Therefore, if you should find that the operator of the street car was negligent as charged, but that the plaintiff was himself negligent and careless, and that the accident would not have happened except for his carelessness, then plaintiff is guilty of contributory negligence and cannot recover, unless you further believe that the motorman of the street car observed the plaintiff negligently running into danger, and in the exercise of ordinary care on his part had time and opportunity to avoid the collision. If the motorman saw the danger of the plaintiff in time by the exercise of ordinary care on his part to avoid the collision, it was his duty to do so, and if he failed to do so, having the time and ability to do so, then it would be the defendant's negligence and not the plaintiff's negligence which was the proximate cause of the injury."

Manifestly there was nothing in the evidence which justified this instruction. No witness testified to a state of facts which tended in the remotest degree to show that the motorman of the street car observed the respondent negligently running into danger in time, by the exercise of ordinary care on his part, to avoid the collision. The obstructions that prevented the respondent when he turned across the track from seeing the approaching car prevented the motorman of the car from seeing the respondent, and if the motorman did see, or ought to have seen, the respondent prior to the time he reached the intersecting street, of which there is no evidence, he would not be chargeable with notice that the respondent was going to turn thereon. After he did actually see the respondent on the track,

there was plainly no time or opportunity to avoid a collision. Nor is the giving of such an instruction harmless error. As was said by the court in *Drown v. Northern Ohio Traction Co.*, 76 Ohio St. 234, 81 N. E. 326, 118 Am. St. 844, the doctrine of last clear chance is applicable only in special cases, "and the prevalent habit of incorporating it in almost every charge to the jury in negligence cases, in connection with, and often as a part of, instructions upon the subject of contributory negligence, is misleading and dangerous."

The judgment is reversed and the cause remanded for a new trial.

HOLCOMB, C. J., PARKER, MACKINTOSH, and BRIDGES, JJ., concur.