[No. 20018. Department Two. October 21, 1926.]

EMILY McLEOD, *Appellant*, v. CITY OF SEATTLE, *Respondent.*

LAURA McLEOD, *Appellant*, v. CITY OF SEATTLE, *Respondent.*[1]

[1] STREET RAILROADS (33)—ACTIONS—INJURY TO PEDESTRIAN—INSTRUCTIONS—AS TO MANAGEMENT OF CAR. In an action for injury to a pedestrian, struck by a street car at a street intersection, it is error to instruct the jury that the street car had the right of way and that the motorman could assume that the plaintiffs would yield the right of way until it became manifest to him that they would ignore the statute and ordinances; since it absolves the motorman from the exercise of ordinary care.

[2] SAME (30)—OPERATION—ACTION FOR INJURIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Pedestrians, struck by a street car at a street intersection, are not guilty of contributory negligence, as a matter of law, in failing to see the street car, where it appears that their vision was obscured by the conditions at the intersection and the lights of automobiles directed into their faces.

Appeal from a judgment of the superior court for King county, Jones, J., entered October 20, 1925, upon the verdict of a jury rendered in favor of the plaintiffs, in consolidated actions for personal injuries. Reversed.

*Long & Schweppe,* for appellants.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for respondent.

MAIN, J.—These two cases were consolidated in the superior court for the purpose of trial and are here upon the same record. In each case, the plaintiff had brought an action for damages for personal injuries. The defendant denied liability and pleaded affirmatively contributory negligence in both cases. They

[1]Reported in 249 Pac. 1059.

were tried to the court with a jury, and resulted in verdicts for the defendant. Motion for new trial being made and overruled, judgments were entered on the verdicts, and the plaintiffs appeal.

The accident out of which the cases arose occurred at the intersection of Bellevue avenue and East Olive street in the city of Seattle, at about 6:45 p. m., on November 13, 1923. Bellevue avenue extends north and south and Olive street northeast and southwest. At the intersection, the traffic is heavy, principally that of automobiles, Olive street being a thoroughfare that leads from a populous residence district into the business section of the city. East of the center of Bellevue avenue is a single street car track. At the time in question, the appellants were proceeding northeasterly on the sidewalk on the south side of Olive street. When they approached the intersection, they looked to the north and saw lights which were not moving. They then proceeded to cross Bellevue avenue and looked to the north, until about the center of the street when they looked to the south. From the south, automobiles were approaching on the east side of Bellevue avenue. The lights of the automobiles, as they came down Olive street going towards the business section of the city, were more or less directed into the faces of the appellants because of the angle at which Olive street came into the intersection from that side. When the appellants were about the center of the street railway tracks a car approaching from the north struck and injured them. The motorman testified that he did not see them until the car was within six or eight feet of them. The appellants did not know of the approach of the car until they were struck. It had stopped north of the intersection for the purpose of taking on a passenger. At the time a light rain was falling.

[1]  The appellants first complain of an instruction given by the trial court to the jury. By this instruction the jury were told that, under the state law and the city ordinance, street cars had the right of way at street intersections, and the motorman of a street car had a right to assume that pedestrians would observe the provisions of the state law and the ordinance and give the right of way to a street car at street intersections, and concluded the instruction with this statement:

". . . and he has a right to act upon that assumption until it becomes manifest from the actions of such persons that they are ignoring the provisions of the state law and of said ordinance."

It is the quoted portion of the instruction that the appellants object to. It will be observed that in that instruction no duty is placed upon the motorman with reference to pedestrians at intersections, until it becomes "manifest" to him that such persons are ignoring the provisions of the state law and the ordinance. This is not a correct statement of the law and was prejudicial to the cause of the appellants. Even though the street car may have the right of way, that does not absolve the motorman from the exercise of ordinary care to avoid injuring pedestrians. In *Plastino v. Seattle,* 119 Wash. 195, 205 Pac. 404, it was said:

"More than that, it [the collision] occurred within a street intersection, where, manifestly, the degree of care to be exercised by the respective operators of the street car and the automobile was substantially equally reciprocal, though the street car may have had the right of way."

In *Greater Motors Corporation v. Metropolitan Taxi Co.,* 115 Wash. 451, 197 Pac. 327, it was said:

"The fact that the Packard car entered the intersection first did not absolve the driver of that car from the exercise of due care. The right of an automobile driver who has the right of way is not exclusive but is at all times relative and subject to the common law doctrine that the right must be so used as not to injure another."

There is a wide difference between an instruction which tells the jury that the motorman has a right to act upon the assumption that pedestrians will observe the provisions of the state law and of the ordinance, until it becomes "manifest" to him that such law and ordinance is being ignored, and one which would tell the jury that the motorman had a right to act upon the assumption that pedestrians would observe the provisions of the state law and ordinance until, in the exercise of ordinary care, it should have been manifest to him that they were not doing so.

[2] The respondent argues, however, that the appellants were guilty of contributory negligence, as a matter of law, and that the judgment should be sustained for this reason. In this connection, that line of cases from this court is invoked which hold that a person is guilty of contributory negligence, as a matter of law, where he looks and fails to see that which he could not have avoided seeing, if he had looked. The facts of the present case do not bring it within that rule, but it falls within *Coons v. Olympia Light & Power Co.*, 111 Wash. 677, 191 Pac. 769, where it was held that, if the vision of one looking and not seeing was obscured by obstructions or lights, the rule of the cases relied upon here by the appellant did not apply. In the present case, the vision of the appellants was obscured by the conditions at the intersection and the automobile lights coming down Olive street which were, to some extent, directed into their faces. It cannot be

held, as a matter of law, that the appellants were guilty of contributory negligence in not being aware of the approaching street car. This question was one for the jury.

For the reason above stated, the judgment will be reversed, and the cause remanded with direction to the superior court to enter an order granting a new trial in each case.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.