LOUIS ZIEGLER, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, May 22, 1931.

*John F. McNulty,* for the appellant.

*Franchot, Runals, Robillard & Cohen* [*Clarence R. Runals* of counsel], for the respondent.

THOMPSON, J.  The record on this appeal contains evidence sufficient to warrant a jury to find these facts:  Between ten and eleven o'clock on the night of July 29, 1928, at a point on the south side of Pine avenue in the city of Niagara Falls, a short distance east of its intersection with Twenty-ninth street, plaintiff's automobile collided with defendant's street car.  He was driving eastwardly at a speed of fifteen to twenty miles an hour, and observed the street car near an alley about one hundred and forty feet ahead of him, carrying no lighted headlight or other light on the end toward him.  Defendant had but one set of tracks on this street, and it used the one track for the passage of its cars in

both directions. The car appeared to plaintiff to be either standing still or moving in the same direction in which he was going. On the same side of the street, and at a point from twenty-five to fifty feet beyond plaintiff at this time, there stood an automobile parked parallel to the street car tracks with its right-hand wheels about four inches from the curb. Between the parked car and a street car passing it there would be a distance of about six and one-half feet. Plaintiff's automobile was about sixty-four inches in width. When plaintiff finally became aware that the street car was coming toward him, he had reached a point in the street near the parked automobile. In this emergency, turning out toward the street car track to pass the parked automobile without colliding with it, he came in collision with the street car. On these facts at the end of plaintiff's case the trial court granted defendant's motion for a dismissal of plaintiff's complaint on the ground that he had failed to prove negligence on the part of the defendant or himself free from contributory negligence. Plaintiff appeals. We reach the conclusion that the testimony raises questions of fact both as to the negligence of the defendant and freedom from contributory negligence of the plaintiff which should have been submitted to the jury.

It cannot be said as matter of law that plaintiff put himself in a place of peril by his own negligence or that defendant was not negligent in view of the absence of a headlight on the street car and the operation of the street car throughout these occurrences.

Whether the street car was so defectively lighted that plaintiff was deceived thereby, and thus led into a place of peril, or whether it was his own failure to use reasonable care that put him there are questions of fact.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.