ROSE DEILING, by N. J. DEILING, her next friend, Appellee, v. DES MOINES RAILWAY COMPANY, Appellant.

No. 41985.

DECEMBER 12, 1933.

REHEARING DENIED APRIL 5, 1934.

Corwin R. Bennett, for appellant.

Emmert, James, Needham & Lindgren, for appellee.

KINTZINGER, J.—In her petition plaintiff alleges that defendant was negligent in the following particulars: (1) That the street car was operated without any headlight as required by law; (2) that the motorman operated the car in a reckless, careless, and negligent rate of speed; (3) that he failed and neglected to have the car under control; (4) that he failed and neglected to maintain a proper lookout; (6) that he was negligent in failing to give any signal or warning of his approach, all of which caused plaintiff serious injuries.

 The collision in question occurred at about 6 o'clock p. m. on the night of December 14, 1931, at the intersection of Twenty-eighth street and University avenue in Des Moines, Iowa. Plaintiff was driving north, and the street car came from the west. There is a double track street railway on University avenue at the place in question running east and west. Twenty-eighth street runs north and south, and runs into University avenue. The evidence shows that, as the plaintiff approached University avenue, she stopped her car at the southerly side of it on Twenty-eighth street, and about 26 feet south of the car tracks. It is conceded that the street car with which plaintiff collided was not equipped with a headlight.

One of plaintiff's witnesses testified that he was driving an automobile in a westerly direction on University avenue, and, when he was about at Twenty-eighth street, the street car in question was leaving Twenty-ninth street, about 200 yards westerly. At that time plaintiff was on Twenty-eighth street about 100 feet south of University avenue. The night was dark, and the streets were icy and slippery. There was a filling station at the southwest corner of the intersection, surrounded by lights. There was also a street light at the corner of the intersection, and two or three flood lights at the filling station throwing their lights in a southerly direction against the station. Plaintiff testified that she stopped her car at the south line of University on Twenty-eighth street and looked both west and east; that she saw no street cars approaching. She says that the street light and the lights at the filling station created a glare, which, together with the failure of a headlight on the street car, prevented her seeing the street car west of the lights. One of plaintiff's witnesses says the front end of the street car was dark. Plaintiff also said she listened and heard no signal of any approaching street car. After stopping and looking in both directions, she slowly proceeded into the intersection to cross the tracks. As she started, she again looked to the west and east and saw no street car approaching. She says her view west of the lights was obstructed by the glare of lights, beyond which she could not see. While crossing over the car track, her automobile was struck on the left side. The motorman testified that he saw the automobile when his street car was about 30 feet from the intersection, and that the automobile, on account of the slippery street, slid onto the tracks for about 10 feet.

I. One of the two grounds of error alleged is the court's refusal to direct a verdict against the plaintiff on the ground of contributory negligence. For the purpose of this appeal, it is conceded that the defendant was guilty of negligence. In determining this case, plaintiff's evidence must be viewed in its most favorable light, and the evidence most favorable to the plaintiff must be accepted. It is not for this court to weigh the evidence if it is in conflict. Where negligence of the defendant is established, the question of contributory negligence is ordinarily one for the jury. According to plaintiff's evidence, she brought her car to a stop on Twenty-eighth street about 26 feet south of the car tracks on University avenue. She then looked in both directions, and claims she could

see no street car, or any headlight on a street car approaching from the west. She then proceeded toward the intersection at the rate of from 3 to 7 miles an hour, and while starting across this distance she again looked in both directions. There was a double street car track on University avenue, and the exercise of ordinary care required her to also look for street cars approaching from the east. Of course, this could not be done at the same time. One of plaintiff's witnesses was driving an automobile westerly on University avenue. As he was driving by Twenty-eighth street, he saw the plaintiff's car at the alley first south of University avenue about 100 feet away. About that time he also noticed a dark object approaching from the west, near Twenty-ninth street, which he later learned was a street car without any headlights. He said the street car was traveling at a speed of from 20 to 30 miles an hour, and that it continued at that speed until about the time of the collision.

After plaintiff had stopped about 26 feet south of the street car tracks, she proceeded at a rate of between 3 to 7 miles an hour. She had stopped about 26 feet south of the tracks. If she was traveling from 3 to 7 miles an hour, and if the street car was traveling from 20 to 30 miles an hour, the street car was traveling about six times as fast as she was. At that rate it would have traveled six times as far during the same time. During that time it would therefore have traveled about 170 feet. From this calculation the street car must have been about 170 feet westerly of the point of collision when plaintiff proceeded to cross the intersection from the place at which she stopped. If the street car had been equipped with a lighted headlight, the solution of this case would be easy, because it could then be held that the street car must have been seen by the plaintiff when she looked. The difficulty, however, is that plaintiff testified that on account of the lack of a headlight, and on account of the obstruction created by the glare of the lights at the filling station, she was unable to see beyond the lights at the time she looked. The street was a glare of ice, and very slippery and produced a glare. There was a street light at the intersection, and other lights at the filling station. The flood lights were toward the south and not toward the west. It is a matter of common knowledge that, when a person is approaching a street light, or the headlights of an automobile in front of him on a dark night, it is not only difficult but almost impossible to distinguish unlighted objects beyond the lights. Notwithstanding these conditions, we are asked to hold, as a matter of

law, that plaintiff was bound to see the street car without a headlight approaching 170 feet away at her left. Plaintiff had a right to assume that the operator on the defendant's car would be approaching the intersection in question at a reasonable and proper rate of speed, with his car under such control that he could avoid colliding with automobiles driven across the street by a person who was also in the exercise of reasonable care. Twenty-eighth street at this point is the only through street between Grand avenue and University avenue, and is much traveled. Can we say, as a matter of law, that, in the face of plaintiff's testimony that she did not see the car approaching, she must have seen it when she looked before going into the intersection at Twenty-eighth street. If at that time, under the facts and circumstances in this case, all minds could not reasonably agree that she must have seen the street car as it was approaching, then the question of her contributory negligence was for the jury.

If the jury would be warranted in finding from the evidence that, when she started into the intersection, she could not reasonably see or know of the approach of the street car by reason of the want of a headlight, by reason of lack of any signal and by reason of the obstruction to her view created by the glaring lights, then she had a right to proceed into the intersection. The evidence also shows that the driver of the street car had one defective eye. She had no means of knowing that the defendant would be operating a street car without a headlight, without giving a warning, or at a speed of from 20 to 30 miles an hour. The headlights on her car were lit, but were pointed north instead of west. From plaintiff's testimony, therefore, she started to cross the street car track 26 feet away, when the street car must have been at least 170 feet away. In such a situation, the driver of an automobile might reasonably expect to cross over in safety, and, if so, it would not constitute negligence. If we were to hold that such a situation would in all cases require the driver of an automobile to stop until a street car passed by, vehicular traffic in cities would be almost paralyzed.

In Adams v. Union Electric Co., 138 Iowa 487, at page 489, 116 N. W. 332, 333, we said:

"Upon observing a car in the distance the driver of a vehicle can neither recklessly drive upon the crossing in a race with the car, nor is he arbitrarily required to stop his vehicle and await

for its passage. The right of each to the use of the highway is protected, and neither is permitted recklessly to expose the other to danger. If the driver observes a car on the line at such distance that in the exercise of ordinary prudence he believes he can safely cross, and in undertaking to do so a collision occurs, this cannot be attributed to negligence on his part. Patterson v. Townsend, 91 Iowa 725, 59 N. W. 205; Ward v. Marshalltown L., P. & R. Co., 132 Iowa 579, 108 N. W. 323. As observed in Chauvin v. Detroit United Ry., 135 Mich. 85, 97 N. W. 160, if one were always chargeable with negligence for driving upon a track when an approaching car is in sight, there are many places which could never be crossed without fault. Pedestrians or drivers of teams have as much right to the street as the street car company, and are not required to desist from traveling over any part of it because of the running of cars thereon. All exacted is that reasonable prudence with reference to their operation be exercised by them to avoid injury, and when in so doing it can be said that they reasonably believe a crossing can be made in safety they may go over without laying themselves open to the charge of negligence."

We believe that under the peculiar facts in this case the physical fact rule does not apply, and that the question of plaintiff's contributory negligence was one peculiarly for the jury. Carlson v. Decker & Sons, 216 Iowa 581, 247 N. W. 296; Rosenberg v. Des Moines Ry. Co., 213 Iowa 152, 238 N. W. 703; Murphy v. Iowa Electric Co., 206 Iowa 567, 220 N. W. 360; Coons v. Olymphia Light & Power Co., 111 Wash. 677, 191 P. 769; Osborn v. City of Seattle, 142 Wash. 25, 252 P. 164; Ziegler v. International Ry. Co., 232 App. Div. 563, 250 N. Y. S. 115.

Where a street car is operated without a headlight, the question of contributory negligence is usually one for the jury. Temple v. Middlesex & B. Street Ry. Co., 241 Mass. 124, 134 N. E. 641; Ward v. Ft. Smith L. & T. Co., 123 Ark. 548, 185 S. W. 1085; Bidwell v. Los Angeles & S. D. B. R. Co., 169 Cal. 780, 148 P. 197; Cochran v. Brown, 84 Cal. App. 743, 258 P. 1000; Moody v. Milwaukee Elec. Ry. & Light Co., 173 Wis. 65, 180 N. W. 266; Bush v. C., R. I. & P. Ry. Co., 216 Iowa 788, 247 N. W. 645; Artz v. C., R. I. & P. Ry. Co., 34 Iowa 153.

In cases where the physical fact rule was held to apply, it appeared from the evidence that there was nothing to interfere with the driver's view. According to plaintiff's evidence, there was some-

thing to interfere with plaintiff's view and knowledge of the approaching street car. A person approaching a street car track on a dark night would, in the exercise of reasonable care, expect to see a headlight on an approaching street car, and the failure of such a car to have a headlight would naturally throw a person off his guard, although the car might be approaching to a point where it could be seen *if it had been equipped with proper headlights.*

In Carlson v. Decker & Sons., 216 Iowa 581, 247 N. W. 296, we said:

"The evidence shows that the appellee was watching the road at the time of the collision. She testified that she saw no lights. There is substantial evidence in the record to show that the appellants' truck was being driven without lights. Then, clearly, appellee could not be charged with contributory negligence in not seeing the truck, and the absence of lights on the truck could well be the proximate cause of the collision."

In Osborn v. City of Seattle, 142 Wash. 25, 252 P. 164, 165, the court said:

"This is not a case where a person testifies that he looked and did not see a thing which if he had looked he must have seen. Had it been established beyond controversy that the street car had its lights burning, it may be that that rule would apply. As stated, the automobiles approaching from the east with their headlights burning interfered with the vision of the occupants of the [plaintiff's] automobile, and this brings the case within the rule of Coons v. Olymphia Light & Power Co., 111 Wash. 677, 191 P. 769."

A driver on approaching a street car track in a city is expected to use only reasonable care. In the use of such care, while traveling in a city, he is not bound to anticipate that a street car in the nighttime is traveling upon the tracks without a headlight. On the contrary, he has a right to assume that a street car company has complied with the law by providing a good and sufficient headlight on the front end of its car. In attempting to make such crossing, he is not bound to use extraordinary care. Therefore, if the evidence discloses that ordinary care was used by the driver of an automobile, he is relieved from the charge of contributory negligence. We believe that the peculiar circumstances surrounding the approaching street car in this case were such that the plaintiff was

thrown off her guard, and the question of contributory negligence was properly submitted to the jury.

The operator of the street car knew and admitted that he had no headlights on his car. Under these circumstances, the exercise of ordinary care on his part would require more care in crossing the streets of a city than if his car was adequately equipped with headlights. Ordinarily, the driver of a street car might not be required to stop or slacken the speed of his car until it is evident that a person about to cross will be endangered by the street car, but, where the operator of a street car knows that he has no headlight on the street car, which he is operating in the nighttime, he must also know that a person approaching the car tracks might be thrown off his guard by the failure of adequate headlights on the street car, and he should govern himself accordingly. Under such circumstances, the exercise of ordinary care on the part of the operator of the car would require him to have it under such control that he could safely meet an emergency.

Appellant contends that the lights from the inside of the car were sufficient to be seen by plaintiff. There is evidence, however, tending to show that the front end of the car was dark; that, when one of the witnesses, driving westerly along University avenue, first saw a dark object, he did not know it was a street car and saw no lights. He did not realize it was a street car until about the time it reached him. We cannot say, as a matter of law, that under the conditions existing at that time the plaintiff must be held to have seen any rays of light from the car to such an extent as to realize that a street car was approaching.

While we recognize the physical fact rule, and that this case comes near the point where it might be applied, we do not feel that the court can say, as a matter of law, under the peculiar facts herein, that the plaintiff carelessly or negligently placed herself in such position of peril as to endanger her own life. We do not think the lower court erred in submitting the question of contributory negligence to the jury.

■ II. At the close of plaintiff's case, the defendant moved the court to withdraw from the case the second, third, fourth and fifth grounds of negligence alleged in the petition because they have no support in the testimony. In first ruling upon the motion the court sustained it as to the fourth and fifth grounds, and overruled it as to the balance. After the defendant's evidence was all in, the court

changed its ruling by sustaining the motion as to the fifth paragraph and overruled it as to the second, third, and fourth. The fourth ground of negligence alleged was "that the motorman of said street car failed and neglected to maintain a proper lookout."

Defendant complains that as its evidence was being introduced the fourth ground of negligence was not in the case, and that the court erred in reinstating it after defendant's evidence was all in. There is no merit in this contention (1) because defendant failed to ask leave to reopen the case to permit the introduction of further evidence, and (2) because there was evidence tending to show that the motorman failed to maintain a proper lookout.

The operator of the street car admitted that he did not see plaintiff's car until he was about 30 feet west of Twenty-eighth street. The street car in question had no headlight. There was evidence that he failed to sound his gong. Plaintiff's automobile *was* equipped with headlights. According to defendant's "physical fact" theory, the motorman must have seen plaintiff's automobile as it proceeded to cross the intersection. The motorman knew that the street was icy. He was driving the street car at the speed of 20 to 30 miles an hour. The motorman had a defective sight in one of his eyes. All of these matters could well be considered by the jury in determining whether or not the motorman did keep a proper lookout as alleged. This testimony, together with the other testimony hereinabove referred to, was sufficient to take this allegation of negligence to the jury. There was no error in the court's ruling thereon.

No complaint is made of any other instruction of the court, and no other errors are assigned.

The judgment of the lower court is therefore affirmed.

STEVENS, CLAUSSEN, DONEGAN, EVANS, and KINDIG, JJ., concur.