[No. 20120. Department One. January 8, 1927.]

J. L. OSBORN, *Respondent,* v. THE CITY OF SEATTLE, *Appellant,*

W. A. OSBORN *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*

J. L. OSBORN *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1] STREET RAILROADS (13, 29)—COLLISION WITH VEHICLE—ACTION FOR INJURIES—QUESTION FOR JURY. Whether it is negligence to operate a street car without lights or sounding a gong is a question for the jury where the witnesses in an automobile testified that they looked up the track and saw no car approaching and that if there had been lights it could have been seen, and there was no evidence that there were lights upon the car.

[2] SAME (30)—ACTION FOR INJURIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The question of contributory negligence in crossing street car tracks at night without seeing an ap-

[1] Reported in 252 Pac. 164.

proaching car is a question for the jury where the witnesses testified that they looked, and did not see the car, and the headlights on approaching automobiles interfered with their vision.

[3] Witnesses (55)—Confidential Relations—Information Acquired by Physician. A person who voluntarily submitted to an examination by a doctor at the instance of the adverse party may call the doctor as a witness and interrogate him relative to the examination.

[4] Appeal (126) — Preservation of Grounds — Argument of Counsel. Error cannot be predicated on closing argument introducing matters not discussed in the opening argument, where the record does not contain anything said by counsel in the closing argument.

[5] Appeal (463)—Trial (94)—Harmless Error—Instructions—Applicability to Issues and Evidence. Error cannot be predicated upon lack of evidence to warrant instruction that it is the duty of the company to operate its street cars at a reasonable rate of speed, where the impact was so violent as to indicate that the speed of the car was great.

[6] Same (464)—Harmless Error—Instructions—Refusal of Requests. In an action for personal injuries through a collision with a street car, it is not prejudicial error to give an instruction as to an error of judgment on the part of the driver of the automobile, there being no testimony to warrant it, where it had no direct bearing upon any vital issue in the case.

Appeal from judgments of the superior court for King county, Findley, J., entered March 30, 1926, upon the verdict of a jury rendered in favor of the plaintiffs, in consolidated actions for damages sustained in a collision between a street car and an automobile. Affirmed.

*Thomas J. L. Kennedy,* and *Arthur Schramm,* for appellant.

*Guie & Guie, D. V. Halverstadt,* and *John J. O'Brien,* for respondents.

Main, J.—These three actions arose out of a collision between an automobile and a street car owned and operated by the defendant. They were consoli-

dated for trial. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof and moved for a directed verdict. This motion was overruled. The defendant declined to offer any evidence and stood upon the record made by the plaintiffs. In each case, the jury returned a verdict against the defendant. In the J. L. Osborn case the verdict was for $1,075. In that of W. A. Osborn and wife $1,590, and in that of J. L. Osborn and wife $350. The defendant made a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial in each of the cases. These motions being overruled, judgments were entered upon the verdicts, from which the defendant appeals. For the purposes of the appeal the cases have by stipulation been consolidated and are here upon one record.

The accident happened on the evening of July 27, 1924, at about 8:45 o'clock at the intersection of Leary avenue and Third Avenue Northwest, in the city of Seattle. While not strictly accurate, it may be said that Leary avenue extends east and west and Third Avenue Northwest north and south. The appellant maintains a double track street car line on Leary avenue, the track being in the center of the street. North of the street car tracks, the avenue is paved. The south side of the street is not paved. At the time above mentioned, J. L. Osborn and wife and fourteen-year-old daughter, together with the wife of W. A. Osborn, were proceeding east on the south side of the paved portion of Leary avenue in a two passenger Ford coupe. When they approached the intersection of Third Avenue Northwest, the vehicle was slowed down to a speed of ten miles an hour, and at this point they attempted to cross the street car tracks, intending to go to the residence of W. A. Osborn and wife, a short distance to the south thereof on West Bowdoin Place.

When the automobile got upon the first track it was struck broadside by a street car proceeding west on that track. The occupants of the car were thrown therefrom and sustained the injuries for which they sought recovery. After the impact, the street car proceeded along the track pushing the automobile in front of it for a distance of approximately sixty-five feet. The adult occupants of the car all testified that, as they approached the intersection, they slowed down to make the turn and looked east along the track and saw no street car approaching and heard no gong, bell or other signal given. At the time, the headlight of the Ford coupe was burning, the street lights were on, the houses in the vicinity were lighted, and automobiles approaching from the east had their lights burning, which shone into the faces of the occupants of the car and interfered with the vision of the driver thereof as to seeing objects up the track in front of him. The time was described by various witnesses as dusk, pretty dark, dull dark and about the darkest time. Other facts will be referred to in connection with the consideration of particular points to which they may be pertinent.

[1] The first question is whether there was sufficient evidence to take the question of the appellant's negligence to the jury. It appears to be contended in this respect that the evidence does not show that the street car was not lighted, either as to its headlights or within, at the time. The witnesses testified, as stated, that they looked up the track and saw no car and, further, that if there had been lights on the car they would have seen it. The motorman of the street car stated to at least two witnesses, immediately after the accident, that he did not see the Ford coupe until he hit it. There is no evidence that there were lights upon the street car and nothing from which that fact could be inferred. Whether it was negligence on the

part of the operator of the street car to proceed along the track without lights and without sounding a gong or giving other signals at that time in the evening was obviously a question for the jury.

[2] It is said, however, that respondents were guilty of contributory negligence in that they failed to see the approaching street car when they looked. The evidence was that a car, at that time in the evening, could be seen for a distance of from twenty to forty feet. This is not a case where a person testifies that he looked and did not see a thing which, if he had looked, he must have seen. Had it been established beyond controversy that the street car had its lights burning it may be that that rule would apply. As stated, the automobiles approaching from the east with their headlights burning interfered with the vision of the occupants of the automobile, and this brings the case within the rule of *Coons v. Olympia Light & Power Co.*, 111 Wash. 677, 191 Pac. 769. The question of whether the respondents were guilty of contributory negligence was one for the jury.

[3] The next question relates to the admission of testimony. The appellant, through its claim department, caused a doctor to examine the injured respondents and make a report thereof. This examination was made with the consent of the persons examined. Upon the trial, the respondents called the doctor for the purpose of having him testify as to the examinations he had made. The appellant claims that these examinations were a part of the investigation of the claim and of the preparation for the trial of the case and the information obtained was confidential. In support of this position it cites *Cully v. Northern Pac. R. Co.*, 35 Wash. 241, 77 Pac. 202, where it was held, in an action against a railroad company for personal injuries to an employee, that it was proper to strike out inter-

rogatories propounded by the plaintiff which sought to compel the defendant to produce the accident report and confidential correspondence touching the case. That case does not reach the question here presented. In this case, there was no attempt to require the appellant to produce the report which the doctor made to it as to the result of his examinations. The case of *Strafford v. Northern Pac. R. Co.*, 95 Wash. 450, 164 Pac. 71, relied on by the respondents, is not in point because there the physician was not called by the party adverse to whom and at whose instance he had made the examination.

No case has been cited, and we know of no authority, which would sustain a holding that a person who voluntarily submits to an examination by a doctor, even though the examination was made at the instance of the adverse party, may not call that doctor as a witness upon the trial and interrogate him relative to the examination. This case is entirely different from that of seeking by interrogatories to get possession of the report which the doctor may have made to the person employing him. When the respondents voluntarily submitted to the examination, it naturally would be upon the implied assumption that they might call the doctor as a witness upon the trial, if they saw fit to do so. To suppress such evidence, in many cases would keep out of the trial facts which the court or the jury should know in order that a just determination of the cause might be had. Reason at least supports the right of the respondents to call the doctor in the present case and take his testimony relative to the examinations which he made.

[4] The appellant complains because it says that counsel for the respondents in his closing argument to the jury argued a matter which he did not discuss in his opening argument and which appellant's counsel

did not discuss in his answering argument, but the record is not sufficient to present this question. It does not show what the respondents' counsel said, either in his opening or closing argument, further than that in the latter he said: "Now turn to the injury." The record does not contain anything that was said by appellant's counsel in his answering argument. This question is without merit.

[5] The trial court instructed the jury, in effect, that it was the duty of the appellant, taking into consideration the surrounding facts and circumstances, to operate its street cars at a reasonable rate of speed, and it is claimed that this was error. The argument is based on the assumption that there was no evidence of the speed of the street car at the time of the collision in question. It is true that there was no direct evidence as to speed. There was evidence as to the nature of the crash when the impact occurred and the distance which the street car proceeded along the track thereafter, before it came to a stop. In *Plastino v. Seattle*, 119 Wash. 195, 205 Pac. 404, it was said:

"The jury might well have believed that the speed of the southbound street car was thirty miles, or more, per hour, the lawful speed being not to exceed twenty miles per hour. The impact was so violent and the speed of the street car so great, that Plastino and his automobile were carried along upon the front end of the street car a distance estimated by different witnesses at from 125 to 160 feet." .

It was not error to tell the jury in the instruction complained of that it was the duty of the respondent to have its street car operated, at the time and under the facts and circumstances then shown by the evidence to exist, at a reasonable rate of speed.

[6] The appellant also complains of an instruction to the effect that, if the driver of the automobile made an error of judgment, it was not necessarily negligence

on his part, but the correct test was whether he acted as a reasonably prudent person would have acted under similar circumstances. There is no evidence upon which to base an instruction as to error of judgment, and the instruction should not have been given. Its giving, however, was harmless. The issues made prominent by the testimony and which must have been uppermost in the jury's mind were, first, was the operator of the street car negligent in not having the lights on, or sounding the gong, or giving other signal; and second, were the occupants of the automobile guilty of contributory negligence in failing to see the approaching street car as they turned to cross the track. The instruction as to the error of judgment has no direct bearing upon any vital issue in the case, and in this respect the case differs from that of *Belkin v. Skinner & Eddy Corporation,* 119 Wash. 80, 204 Pac. 1046, where it was held to be error for the court to instruct upon a matter, concerning which there was no evidence and which had a direct bearing upon the vital issue in the case. While the instruction complained of should not have been given, to give it was not prejudicial error.

The appellant further complains as to the instructions given and the requests refused, but we find no error in this regard. The instructions given, except in the particular mentioned, were not erroneous, and distinctly presented to the jury the issues which they were to determine. The instruction requested, to the effect that if the injury was the result of an unavoidable accident, then there could be no recovery, might properly have been given, but the failure to give it, in view of the definite manner in which the issues were presented to the jury in the instructions given, was not error. The other instructions requested and not given were properly refused.

The judgment in each of the three cases will be affirmed.

Tolman, C. J., Mitchell, Fullerton, and Holcomb, JJ., concur.