[No. 20803.   Department One.   October 11, 1927.]

A. D. STEWART, *Respondent,* v. JOHN L. STEELMAN *et al., Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (379, 390) — USE OF STREETS — NEGLIGENCE—MUTUAL RIGHTS AT CROSSINGS—QUESTION FOR JURY. The responsibility for a collision of motor trucks at a city street intersection is a question for the jury, where there was evidence that the plaintiff first entered the intersection, that he looked to the left and saw defendant's car on a course which, if continued, was free from danger, and that it swerved to the left on entering the intersection and the collision occurred a few seconds thereafter; under the rule that the driver on the right may assume that the one on the left will recognize his right of way, if there is nothing to warn him of impending danger.

[2] SAME (392)—USE OF STREETS—NEGLIGENCE—INSTRUCTIONS.   In an action for damages sustained in a collision of motor trucks, error cannot be assigned on an instruction, technically erroneous in making negligence and contributory negligence depend on the suffering of injury, where the injury is admitted, especially where, in view of other instructions, the jury could not have been misled.

Appeal from a judgment of the superior court for Lewis county, McKenney, J., entered January 20, 1927, upon the verdict of a jury, rendered in favor of the plaintiff, for damages sustained in a collision of automobiles at a city street intersection.   Affirmed.

*Forney & Ponder,* for appellants.
*Don Abel* and *Caldwell & Lycette,* for respondent.

FRENCH, J.—This is an auto collision case.   The accident occurred within the intersection of Broad and Harrison streets, in the city of Seattle.   Both trucks were quite badly damaged, the plaintiff placing his damages at $1,172.50, and the defendant claiming $686; and as is usual in cases of this kind, each party

[1]Reported in 259 Pac. 1083.

insisted that the other was at fault. The cause was submitted to the court with a jury, and a verdict returned for the plaintiff.

The errors complained of relate to certain instructions given to the jury, and it is also claimed that the plaintiff was guilty of contributory negligence, as a matter of law.

[1] This accident happened in broad daylight on a rather busy street intersection, Broad street being an arterial highway. There was testimony tending to show that plaintiff entered the intersection first, and that he looked to the left and saw defendant's car headed in a direction where, if it continued on its course, there was no danger of an accident. There is also testimony that the defendant's car swerved to the left at about the time it entered the intersection, and that the collision took place within a few seconds thereafter.

"A driver from the right approaches the crossing, expecting, and entitled to expect, that one approaching from the left or on a disfavored street will recognize his right, and his conduct is to be judged in view of that circumstance. While in crossing in front of a vehicle coming from another intersecting street, he cannot close his eyes to threatening danger, relying on the presumption that the other driver will use reasonable care and prudence and obey the traffic laws, if there is nothing in the situation to warn him of impending danger, he is not negligent in relying on such presumption." Blashfield Cyclopedia of Automobile Law, Vol. 1, p. 496.

We hold, therefore, that the question of defendant's contributory negligence was for the jury.

[2] Complaint is made of the following instruction:

"Negligence is the failure to observe for the protection of the other person that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffer injury, and it will

be for you to determine which one of the parties hereto did some act which an ordinarily prudent man would not have done, or omitted to do some act which an ordinarily prudent man would have done.''

It may be conceded that this definition of negligence, strictly speaking, is not correct, because it seems to make negligence and contributory negligence dependent upon someone suffering injury thereby. But as applied to the facts in this case, where it is admitted that both parties did suffer injury, and particularly when taken in connection with several other instructions immediately following, we do not think the jury could possibly have been misled.

The other instructions complained of cover the statutory provision as to the right of way of persons simultaneously approaching an intersection. They are amply supported in their entirety by our recent decision in *Stidell v. Davidson,* 142 Wash. 348, 253 Pac. 458.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.