[No. 21810. *En Banc.* October 15, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Dr. J. H. Berge, Petitioner,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

[1]Reported in 281 Pac. 335.

*Ralph S. Pierce,* for relator.

*Geo. F. Hannan* and *John M. Wilson,* for respondent.

MAIN, J.—There was pending in the superior court of Clallam county an action for personal injuries in which Leona Case, by G. W. Case, her guardian *ad litem,* was plaintiff, and William Gould and Robert Gould were defendants. The defendants employed Doctor J. H. Berge to examine the plaintiff as to the nature and extent of her injuries, to which examination she voluntarily submitted. Later, the doctor residing more than twenty miles from the place of trial and not in Clallam county, the plaintiff sought to take his deposition. In response to a subpoena, he appeared before a notary public and was interrogated as to the examination which he had made, and testified without objection as to the facts which he discovered upon such examination. He was then asked what his opinion was as to the nature and extent of the injuries of the plaintiff, and to questions along this line, objections having been made, the witness refused to answer. The matter was then referred to the superior court and a hearing was had, with the result that an order was entered directing the doctor to answer the questions calling for his opinion as to the nature and extent of the injuries to the plaintiff in the action, or be adjudged guilty of contempt of court. The case is brought here by the doctor, seeking to be relieved from the order requiring him to testify or be adjudged in contempt of court.

The question is whether a person who voluntarily submits to an examination by a doctor at the instance of the adverse party may call the doctor as a witness and interrogate him not only as to the facts

which he discovered upon the examination, but also as to his opinion as to the nature and extent of the injury, without compensation other than the ordinary witness fees. The rule, as supported by the decisive weight of authority as evidenced by the adjudicated cases and the opinions of the text writers, is that an expert witness is not entitled to demand additional compensation other than the ordinary witness fees, unless special services other than attendance to give testimony on the trial are required in order to enable the witness to testify. In 4 Wigmore on Evidence (2d ed.), p. 683, after reviewing the authorities, it is said:

"It has therefore been generally held that an expert witness is not entitled to demand additional compensation, other than the ordinary witness-fees, before attending to testify on the stand.

"But from this result certain other questions are to be distinguished:

"(a) Special services other than attendance to give testimony on a trial are not within the duty of any witness; hence, a professional man is entitled to demand special compensation for such services as a chemical analysis, a 'post mortem' autopsy, or any work necessary to qualify expressly to furnish testimony. . . ."

In Jones on Evidence (3d ed.), p. 1243, it is said:

"The question has often arisen whether experts are entitled to more compensation than that allowed to ordinary witnesses. In a few states statutes exist authorizing the court to allow professional witnesses extra compensation and a few decisions have held this permissible, but the rule is that they are under the same obligation to give testimony as other witnesses, and whether they testify as to mere matters of fact or in answer to hypothetical questions are entitled to the same compensation. Of course they are not compelled to make preparation for testifying or to make examination without compensation."

In *Osborn v. Seattle*, 142 Wash. 25, 252 Pac. 164, it was held that a person, who voluntarily submitted to an examination by a doctor at the instance of the adverse party, may call the doctor as a witness and interrogate him relative to the examination. It was there said:

"No case has been cited, and we know of no authority, which would sustain a holding that a person who voluntarily submits to an examination by a doctor, even though the examination was made at the instance of the adverse party, may not call that doctor as a witness upon the trial and interrogate him relative to the examination. This case is entirely different from that of seeking by interrogatories to get possession of the report which the doctor may have made to the person employing him. When the respondents voluntarily submitted to the examination, it naturally would be upon the implied assumption that they might call the doctor as a witness upon the trial, if they saw fit to do so. To suppress such evidence, in many cases would keep out of the trial facts which the court or the jury should know in order that a just determination of the cause might be had. Reason at least supports the right of the respondents to call the doctor in the present case and take his testimony relative to the examination which he made."

In that case, the question was whether the doctor could be required to testify as to the facts which he had discovered upon the examination. In the present case, it is sought to go a step further and inquire, not only as to the facts, but as to the opinion of the doctor as to the nature and extent of the injury. We see no reason why the same rule should not apply as to the doctor's opinion as is applied to the facts which were discovered by his examination. The opinion would be based upon the facts disclosed by the examination to which the adverse party to the one employing the doctor voluntarily submitted. This is not a case where the adverse party seeks to call a witness employed by the other

party and interrogate him as to matters which require special preparation without the party calling him having in any manner cooperated. The trial court properly entered the order requiring the witness to testify or be adjudged in contempt of court.

It is further said that, since no witness fees were paid or tendered to the doctor, he cannot be adjudged guilty of contempt. The answer to this is that he did not demand witness fees, and that was not the reason given for his refusal to testify. It is unnecessary to pursue this question further, as it does not appear to us, after having examined the sections of the statute called to our attention, to have substantial merit.

The writ will be denied.

PARKER, MILLARD, and TOLMAN, JJ., concur.

HOLCOMB, J.—(specially concurring)—In concurring in the decision reached by the majority, I wish to add that, while in such a case as this, an expert should be amenable to the law governing ordinary witnesses, it is to be understood that he cannot be compelled to testify to an opinion if he has formed none. In other words, if he has been unable to reach a conclusion from his examination, he has the privilege of so stating, under his oath, without being deemed in contempt.

FRENCH, J. (dissenting)—Petitioner was permitted, at the request of defendant and not by order of the court, to make a special examination and spent considerable time in order to prepare as an expert witness in this case. The questions to which objections were made called for opinion evidence based solely on this examination and preparation. An opinion as to the nature and extent of an injury and the proper treatment therefor (and it is questions of this kind to which objections are here made) is practically all the medical

specialist has to sell. In this case, it belongs to the defendant who employed the doctor to make the examination. I do not think a physician or other professional man can be called as an expert witness and required to answer purely hypothetical questions involving his opinion only, without some arrangements being made as to his special fees. If the majority opinion prevails, the leading medical specialists of this state can be held in court day after day and required to express an opinion as to the probable duration or the effects of an accident or disease and the proper treatment therefor. Of course, any witness may be required to testify as to any facts within his knowledge, but a specialist only becomes a specialist by study, learning and experience, and he should not be required to express his opinion without proper compensation therefor. I therefore dissent.

MITCHELL, C. J., concurs with FRENCH, J.

BEALS, J. (dissenting)—In my opinion, petitioner should not be required to answer questions as to the treatment which, in his opinion, should be administered to plaintiff, or the probable or possible future effect upon her health of the injuries which she received. I therefore dissent from the conclusion reached by the majority.

FULLERTON, J., concurs with BEALS, J.