[No. 22870.   Department One.   April 2, 1931.]

HARRY HUNTER *et al., Respondents,* v. LINCOLN STAGES, INCORPORATED, *et al., Appellants.*[1]

*Whittemore & Truscott* and *Ellis & Evans,* for appellants.

*John E. Belcher* and *Selden & Lee,* for respondents.

HOLCOMB, J.—In this action, respondents alleged in their complaint that on February 14, 1930, about three o'clock p. m., Mrs. Hunter was driving their Chevrolet sedan on the Pacific highway near Nisqually, traveling in a northerly direction, and driving in a careful and prudent manner; that when she reached a point on the highway near the old Nisqually station of the Northern Pacific Railway, the automobile driven by her was struck with great force and violence by the stage of

[1]Reported in 297 Pac. 179.

appellant, Lincoln Stages, Inc., causing severe and serious damage and injury to respondent Mrs. Hunter and damage to the automobile of respondents. The negligence alleged by respondents to have been the cause of the accident and injury was the automobile stage of the Lincoln Stages, Inc., was being propelled at a high and dangerous rate of speed and in too close proximity to the automobile of respondents. Appellant United States Casualty Company is the indemnitor of appellant Lincoln Stages, Inc., in the sum of five thousand dollars, as required by law.

The answer of appellants denies any negligence on the part of the Lincoln Stages, Inc., and affirmatively alleges contributory negligence on the part of respondent Mrs. Hunter, the driver of the car. It further alleges that any injuries that were sustained were caused by the negligence of some person unknown by appellants, and over whom appellants had no control.

The evidence on behalf of respondents tends to show that Mrs. Hunter and her friend Mrs. Redmond were driving in the Chevrolet coach from twenty to twenty-five miles an hour on the Pacific highway near Nisqually station; that in front of the Hunter Chevrolet was a Ford; that the Ford turned to the left to enter a roadway in the vicinity of Nisqually station; that the driver of the Ford gave no signal; that the Ford came to a virtual stop diagonally across the pavement; that the Ford stopped abruptly; that Mrs. Hunter applied her brake and traveled about the length of her car after she applied the brake.

While part of the testimony of Mrs. Hunter's companion showed a total lack of appreciation of distance in yards or feet, she did ultimately testify that when Mrs. Hunter saw the Ford car in front of her stopping, Mrs. Hunter had her foot on the brake of her car while going approximately the length of her car. This was

also testified to by Mrs. Hunter, and Mrs. Hunter testified that she had red rear lights which would always show when the foot brake was applied. Both also testified that Mrs. Hunter made a slow stop and gave a signal by holding out her hand on the left side of the car. Both Mrs. Hunter and her companion testified that, when the Hunter car stopped, the two right-hand wheels were off the paved portion of the highway.

The stage, coming from the rear, struck the Hunter car with sufficient force to drive the body of that car forward on the chassis, break the cast-iron front seats, and very severely snapped the neck of Mrs. Hunter so that she suffered temporary dislocation and a fracture of the body of the second cervical vertebra, torn ligaments of the neck, and other injuries.

At the close of the evidence on behalf of respondents, appellants moved for a directed verdict, which was denied. Evidence was introduced on behalf of appellants, and at the conclusion thereof a motion for a directed verdict was made and denied. A verdict was rendered in favor of respondents in the sum of $6,300, against which motions for judgment, n. o. v., or for a new trial, were made, denied, and judgment entered on the verdict.

██ The first error urged and argued by appellants is that it was error to deny their motion for a non-suit. It is argued that the trial court submitted the case to the jury under the theory of the application of the principle of *res ipsa loquitur*.

The trial court denied the motion for a directed verdict or non-suit on the ground that there was some evidence of negligence on the part of the Stages company.

With that ruling of the court we agree. Respondents admit that there is no place for the application of the doctrine of *res ipsa loquitur* in this case. There is no room for the contention that there was no evidence of

negligence on the part of the stage driver. While it is true that the driver and other witnesses who were passengers in the stage sharply contradicted the testimony of Mrs. Hunter and her companion as to any signal being given by the driver of the Hunter car until just an instant before the collision, that was a question for the jury. So, also, was the question of the speed and proper control of the stage. There was no direct evidence of the rate of speed at which the stage was being driven, but the fact that it ran into the rear of the Hunter car and caused such damage to it and the driver, is some evidence from which the jury might infer excessive speed, under the circumstances existing at that time and place. *Osborn v. Seattle,* 142 Wash. 25, 252 Pac. 164; *Harry v. Pratt,* 155 Wash. 552, 285 Pac. 440.

There was sufficient evidence of negligence to submit that matter to the jury.

▌ Appellants further complain of an instruction given by the trial court which reads:

"You are further instructed that it was the duty of the driver of defendants stage, while driving immediately behind the plaintiffs car, and in reasonable close proximity to it, to use ordinary care to have said car under control and to avoid running into plaintiffs car, and if you believe from the evidence that on the occasion of the injury, if any, to plaintiff Lois Hunter, defendants agent, in charge of and driving defendants stage, *negligently failed to give such warning of its approach from the rear,* and failed to use such care in the control and operation of said stage as a reasonably careful and prudent person would use under the same, or similar circumstances, but negligently and carelessly ran said stage into the rear of plaintiffs car, and shall believe from the evidence that the plaintiff Lois Hunter was injured and her car damaged as the direct and proximate result of such negligence, if any, then you will find for the plaintiffs."

638

The above italicized portion is attacked as prejudicial, inasmuch as there was no allegation or evidence of failure to give warning of the approach of the stage from the rear.

Respondents assert that, although this portion of that instruction was not pertinent to any issue alleged or proven, it was harmless and unprejudicial under our decisions in *Osborn v. Seattle, supra, Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39, *Stewart v. Steelman,* 145 Wash. 292, 259 Pac. 1083.

In the *Osborn* case, an instruction had been given upon the subject of error of judgment by the driver of automobiles as not being necessarily negligence. It was said in the decision that there was no evidence upon which to base such an instruction, and it should not have been given. But it was held that its giving was harmless; that it had no direct bearing upon any vital issue in the case and in that respect differed from a previous case, *Belkin v. Skinner & Eddy Corporation,* 119 Wash. 80, 204 Pac. 1046.

In the *Belkin* case, above mentioned, we held that an instruction on the assumption of risk and the effect of momentary forgetfulness of a danger was prejudicial error where there was no evidence in the case as to momentary forgetfulness of the danger. Later, in *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933, we held that it was error to submit a question to the jury upon which there was no testimony and prejudicial where the verdict was not the only one that could be permitted to stand and was not so plainly in accordance with the evidence as to follow as a matter of law. The *Jurisch* case, *supra,* involved an instruction which merely made a general statement of the law of the road, and there were other instructions directing the jury upon the particular issues involved in the case. We held that the instruction given was not prejudicial

when considered in conjunction with the other instructions. That was about the same, in effect, as the decision in the *Elliott* case, *supra*. The *Stewart* case was one where a mere technical mistake was made in defining negligence and contributory negligence, which could not have misled the jury.

In the case at bar, we think that portion of the instruction complained of injected an issue for the consideration of the jury which was wholly improper. It was not such a verdict in this case as was the only one proper to render. The jury may very well have been misled, or influenced, by that portion of the instruction given. It will not do to say that it was merely superfluous and unprejudicial.

The only error committed in the trial of the case was in the giving of that part of the foregoing instruction. The motions for nonsuit, directed verdict and for judgment, notwithstanding the verdict, were all properly denied. For the error in the instruction, the judgment must be reversed and remanded for a new trial. It is so ordered.

TOLMAN, C. J., MITCHELL, MAIN, and PARKER, JJ., concur.