George W. COX, Jr., Plaintiff,
v.
William A. FENNELLY, Defendant.
No. 65 Civ. 2625.

United States District Court
S. D. New York.
April 22, 1966.

Richard deY. Manning, New York City, Charles R. L. White, New York City, of counsel, for plaintiff.

Martin, Clearwater & Bell, New York City, Benjamin Ira Gertz, New York City, of counsel, for defendant.

FRANKEL, District Judge.

In this suit for alleged malpractice by defendant, a dental surgeon, plaintiff has noticed the deposition of Dr. Gerard E. McGuirk, another dental surgeon, to whom plaintiff voluntarily submitted for examination, at defendant's request, before the action was instituted. Defendant has moved under Rule 30(b), Fed.R. Civ.P., to vacate the notice.

After the filing of the complaint, plaintiff requested, and was given, a copy of Dr. McGuirk's report. Plaintiff in turn supplied medical reports in his possession. Thus, counsel have followed the sensible course outlined by Rule 35,

Fed.R.Civ.P., without requiring the court's intervention.

Now, however, plaintiff claims a need to have the testimony before trial of defendant's expert in addition to the written report. Acknowledging that he already has the expert's opinion, plaintiff says he should have an opportunity before trial to explore "the facts and circumstances upon which he based his conclusion and opinion." In addition, plaintiff says, he has a "right to know the standard of care used by defendant's expert." And, finally, pointing to an asserted factual inconsistency in the written report, he seeks to clarify this by a pretrial deposition.

Without suggesting that such an examination could never be justified, we conclude that plaintiff fails to justify the demand in this case. There is an obvious element of "annoyance" and potential "oppression" (see Rule 30(b), Fed.R.Civ. P.) in requiring that a physician or dentist, in addition to preparing a written report, must leave his practice and attend at pretrial depositions because he has agreed to serve as an expert in a lawsuit. There are obvious public interests, medical and legal, to be defended against such a requirement unless good reasons are shown for imposing it.

■ Rule 35, by allowing an examined party to institute an exchange of written reports, should normally obviate the need for such depositions, and appears in fact to have done so in the run of cases. See Long, Discovery and Experts under the Federal Rules of Civil Procedure, 38 F.R.D. 111, 121 (1965). Moreover, while its context is different so that it could not in itself be dispositive of the present problem, Rule 35(b) (2) seems to contemplate, disjunctively, that a party submitting to a physical examination at his adversary's instance shall have the right of "requesting and obtaining a report of the examination * * * or * * * taking the deposition of the examiner * * *."

■ Reading the pertinent Rules together, and weighing the competing claims of burden and need, we hold that a party seeking a deposition *in addition to* a written report "setting out [the doctor's] findings and conclusions" (Rule 35(b) (1)) must at least make some substantial showing of probable benefit in terms of the ends discovery serves. Cf. 4 Moore, Federal Practice 1532 (2d ed. 1963). Plaintiff has not done so.

Dr. McGuirk's report seems to be an entirely adequate effort of its kind; at any rate, plaintiff has indicated nothing to the contrary. Covering eight typewritten pages, it sets forth in some detail, and intelligibly, "the facts and circumstances" upon which the ultimate opinion rests. It states the writer's conclusions that in treating plaintiff, defendant followed the "simplest treatment consistent with the problem", a procedure not "contraindicated" in the circumstances; that defendant was not guilty of "any fault"; that he "treated this patient in accordance with the treatment that would have been followed by other Oral Surgeons and he was not negligent in any manner." Plaintiff undoubtedly intends to demolish these conclusions; what matters now is that they state adequately the familiar "standard of care" Dr. McGuirk purported to follow, answering plaintiff's claim that he needs a deposition to learn this.

Lastly, we do not find in the report the factual inconsistency plaintiff says he wants to investigate on pretrial examination. The report states the doctor's three sources of information; it appears to show that he had different versions from plaintiff and defendant as to whether a suture was used on one occasion. The difference seems not to have concerned Dr. McGuirk. Whether it should have is a question that can comfortably await his cross-examination at trial.

The motion is granted. The notice to take Dr. McGuirk's deposition is vacated.

So ordered.