[No. 4775-0-III.   Division Three.   June 22, 1982.]

DIANE MOTHERSHEAD, *Petitioner*, v. WILLIAM ADAMS, *Respondent*.

*Kenneth Pedersen, Kim A. Williams,* and *Critchlow & Williams,* for petitioner.

*Dennis Sweeney* and *Leavy, Schultz & Sweeney,* for respondent.

*Donald C. Harrison* on behalf of Washington Association of Defense Counsel, amicus curiae.

*Robert Whaley* and *Bryan P. Harnetiaux* on behalf of Washington Trial Lawyers Association, amici curiae.

ROE, A.C.J.—Diane Mothershead was allegedly injured in a slip–and–fall accident on the premises of William Adams. At Adams' request, Mothershead was examined by Dr. James Dunlap. A copy of Dr. Dunlap's report was sent to Mothershead. In return, Mothershead submitted reports of her treating physicians and other doctors to Adams pursuant to CR 35(b). Trial was set for September 28, 1981.

On August 24, 1981, Mothershead gave notice that her deposition of Dr. Dunlap had been scheduled. Adams obtained a protective order preventing the deposition pursuant to CR 26(c).[1] Mothershead then obtained an order of the commissioner of this division, who granted discretionary review. RAP 2.3(b)(2).

The issue presented is whether plaintiff has the right to depose this defendant's medical expert in order to preserve his testimony for trial. Resolution of this issue depends on the interplay of two civil rules, CR 26(b)(4)(B)[2] and CR

---

[1]Apparently Judge Staples modified his opinion and granted Mothershead's request if (1) she made no mention during trial that Dr. Dunlap was originally hired by Adams, (2) she pay all costs Adams had paid for the examination, and (3) Adams was permitted to retain another medical examiner of his choosing. We were not asked to, and do not, address the contents of that order.

[2]CR 26(b)(4)(B) provides:

"A party may discover facts known or opinions held by an expert who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means."

35.[3]

Rule 26 provides for the scope of discovery; in particular CR 26(b)(4) deals with the discovery of facts known and opinions held by experts. If the expert is not expected to be called as a witness at trial, the opposing party may discover facts known or opinions held by him "only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." CR 26(b)(4)(B). The rule thus allows discovery in two circumstances: where allowed under CR 35, or

---

[3]CR 35 provides:

"**(a) Order for Examination.** When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

"**(b) Report of Examining Physician.**

"(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his finding, including results of all tests made, diagnosis and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that he is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if a physician fails or refuses to make a report the court may exclude his testimony if offered at the trial.

"(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition.

"(3) This subdivision applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise. This subdivision does not preclude discovery of a report of an examining physician or the taking of a deposition of the physician in accordance with the provisions of any other rule."

where exceptional circumstances are shown.

Mothershead argues that resolution of this issue depends not upon the discovery rules, but on the question of admissibility. She contends that if Dr. Dunlap has evidence which is relevant, it should not be suppressed by the discovery provisions of rule 26. However, this court has already held contrary to this position, ruling that CR 26(b)(4)(B), which limits discovery of experts not to be called at trial, also applies to and restricts the calling of such experts at trial.

In *Crenna v. Ford Motor Co.,* 12 Wn. App. 824, 532 P.2d 290, *review denied,* 85 Wn.2d 1011 (1975), the plaintiff, responding to interrogatories, named an expert who had examined the axle of a truck which had gone out of control and struck a highway abutment. At the time they answered the interrogatories, however, the Crennas stated they had not determined "'who or if anyone will be called as an expert witness at the trial.'" *Crenna,* at 827. Five days before trial, defendant Ford subpoenaed the metallurgist expert whom the plaintiffs Crennas had first consulted. The Crennas successfully moved to quash the subpoena and bar the testimony of their expert. At trial, the Crennas presented the testimony of a second expert and Ford attempted to call the first expert as a rebuttal witness. The trial court refused to allow this. In affirming, this court held that trial is

> an adversary proceeding and . . . fundamental fairness requires that "discovery" not be utilized to defeat a litigant by probing for real or apparent weaknesses in his case which may have been revealed in his trial preparation.

*Crenna,* 12 Wn. App. at 831. *See also Ager v. Jane C. Stormont Hosp.,* 622 F.2d 496, 502 (10th Cir. 1980). The court then ruled that CR 26(b)(4)(B) applies not only to "discovery", but also to a party's efforts to call the opposing party's experts as witnesses at trial. *Crenna,* at 828. Thus, by choosing not to call an expert as a witness at trial, a party might effectively insulate that expert's opinion from

consideration by the jury in the absence of exceptional circumstances.[4] CR 26(b)(4)(B).

*Crenna,* however, did not involve a medical expert, and Mothershead argues this distinction renders *Crenna* inapplicable. She does not seek to overrule *Crenna,* or to alter this interpretation of the rule, except as it applies to medical experts. We find no support for such a position, either in case law or in the rules themselves.

Prior to the adoption of rule 35, a court was permitted to order a plaintiff in a personal injury action to submit to a physical examination. Laws of 1915, ch. 63, § 1, p. 236.[5] The adoption of rule 35 enlarged the scope of the court's authority to order examination. *Randa v. Bear,* 50 Wn.2d 415, 425, 312 P.2d 640 (1957). The rule pertains to privilege and is directed to the patient's waiver of it. A plaintiff waives the privilege when he requests copies of the reports made by a doctor retained by the defendant. CR 35(b)(2). Prior to the rule, a plaintiff could testify as to the character of his injuries, and by reliance on the privilege keep his doctors from testifying. *Noelle v. Hoquiam Lumber & Shingle Co.,* 47 Wash. 519, 92 P. 372 (1907). This result was changed by the adoption of rule 35. Now a plaintiff who either calls his doctor to testify or requests copies of other doctors' reports may no longer shield the unfavorable opinions of his doctors and, by use of the privilege, keep from the trier of fact part of the evidence material to the issues. *See Randa,* 50 Wn.2d at 426.

---

[4]We express no opinion in circumstances where a party by its own acts waives its right to shield its expert. A party might allow a deposition to be taken, and stipulate for its use or might list an expert as a witness to be called at trial in answer to interrogatories and not call him. Neither of these situations is before us, and we do not pass on the effect of the rule under those facts.

[5]Cases cited by Mothershead were decided with reference to this statute. *State ex rel. Berge v. Superior Court,* 154 Wash. 144, 281 P. 335 (1929); *Osborn v. Seattle,* 142 Wash. 25, 252 P. 164 (1927). However, the adoption of the rule abrogated the statute. *Randa v. Bear,* 50 Wn.2d 415, 425, 312 P.2d 640 (1957). The civil rules supersede the statutes. RCW 2.04.200; *Emwright v. King Cy.,* 96 Wn.2d 538, 543, 637 P.2d 656 (1981); *Petrarca v. Halligan,* 83 Wn.2d 773, 776, 522 P.2d 827 (1974).

Mothershead contends a defendant may also not keep from the fact finder information discovered in examination made at his request, citing *Osborn v. Seattle,* 142 Wash. 25, 30, 252 P. 164 (1927). The *Osborn* court held:

> No case has been cited, and we know of no authority, which would sustain a holding that a person who voluntarily submits to an examination by a doctor, even though the examination was made at the instance of the adverse party, may not call that doctor as a witness upon the trial and interrogate him relative to the examination. . . . When the respondents voluntarily submitted to the examination, it naturally would be upon the implied assumption that they might call the doctor as a witness upon the trial, if they saw fit to do so. To suppress such evidence, in many cases would keep out of the trial facts which the court or the jury should know in order that a just determination of the cause might be had. Reason at least supports the right of the respondents to call the doctor in the present case and take his testimony relative to the examinations which he made.

*See also Sneddon v. Edwards,* 53 Wn.2d 820, 823, 335 P.2d 587 (1959); *State ex rel. Berge v. Superior Court,* 154 Wash. 144, 281 P. 335 (1929); *Nielsen v. Brown,* 232 Or. 426, 374 P.2d 896 (1962). The adoption of CR 26(b)(4)(B), however, which limits the use of expert testimony, has changed the rule in these cases.

Although CR 35(b)(3) provides this subdivision does not "preclude discovery of a report of an examining physician or the taking of a deposition of the physician in accordance with the provisions of any other rule", it does not state what other rules may apply. A party may take advantage of CR 34, which allows for the production of documents on a showing of good cause, or take a deposition pursuant to CR 26. 4A J. Moore, *Federal Practice* ¶ 35.07 (2d ed. 1981); Graham, *Discovery of Experts Under Rule 26(b)(4) of the Federal Rules of Civil Procedure, Part One, An Analytical Study,* 1976 U. Ill. L.F. 895, 945. This provision allowing a deposition "must be read in the light of the restrictions imposed by Rule 26(b) (4)" and therefore discovery, except for a report, may be had only on a showing of exceptional

circumstances. 8 C. Wright & A. Miller, *Federal Practice* § 2237, at 693 (1970). *See also Garner v. Ford Motor Co.,* 61 F.R.D. 22, 24 (D. Alaska 1973); Annot., *Pretrial Discovery of Facts Known and Opinions Held by Opponent's Experts Under Rule 26(b)(4) of Federal Rules of Civil Procedure,* 33 A.L.R. Fed. 403 (1977).

Even under rule 35 itself, a deposition is not necessarily allowed when reports have been exchanged. In *Cox v. Fennelly,* 40 F.R.D. 1 (S.D.N.Y. 1966), plaintiff Cox sought to depose a doctor, retained by the defendant, who had examined him. Cox had requested and was given a copy of the doctor's report but claimed he needed the testimony of the doctor before trial. The court found an obvious public interest in not acceding to such a request "unless good reasons are shown" requiring the deposition and held:

> [A] party seeking a deposition *in addition to* a written report "setting out [the doctor's] findings and conclusions" (Rule 35(b) (1)) must at least make some substantial showing of probable benefit in terms of the ends discovery serves.

*Cox,* 40 F.R.D. at 2. In that case, the court found no such showing, nor has one been made in the instant case.

Mothershead received a copy of Dr. Dunlap's report as provided under CR 35(b). She thus had access to the information on which the defendants might have relied at trial. She also has the reports of her own experts, which agree with Dr. Dunlap's report. Thus, she is not in the position of needing his testimony to prove her case. The rule which we set forth here relates only to the testimony of experts through deposition at trial. It does not pertain to the depositions of witnesses who would testify as to facts relating to the cause of an injury. Our conclusion permits both plaintiff's and defendant's lawyers to seek out various experts to determine facts without the chilling effect of having some expert with whom they consulted and with whom they disagreed being called as a witness against them. Any other course is subject to the accusation it encourages parties to sit back and let their opponents do their work for them.

Thus, we affirm the trial court's granting here of a protective order refusing to allow Mothershead to depose a physician who was retained by the defendant and who will not be called as a witness at trial.

MUNSON and REED, JJ., concur.

Reconsideration denied August 9, 1982.

Review denied by Supreme Court November 8, 1982.