# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEBORAH PERALTA, | No. 45575-7-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON and WASHINGTON STATE PATROL, | UNPUBLISHED OPINION |
| Respondents. | |

MELNICK, J. — *Peralta v. State*, 187 Wn.2d 888, 891, 905, 389 P.3d 596 (2017), reversed this court and remanded the case for us to determine whether the remaining evidentiary errors prejudiced Peralta. The trial court errors included a decision to exclude the deposition testimony of two Washington State Patrol (WSP) employees, to exclude eyewitness hearsay statements, and to compel Deborah Peralta to disclose the identity of her consulting expert. *Peralta v. State*, 191 Wn. App. 931, 951-54, 366 P.3d 45 (2015). Additionally, we agreed to review whether the exclusion of an admission to a paramedic regarding speed constituted error and prejudiced Peralta. We affirm the trial court.

FACTS[1]

Peralta and a neighbor drank beer in a downtown Vancouver tavern. Later in the evening, Peralta rode with a friend to a party. Peralta had an argument at the party and left. She became lost and called her brother for a ride home. Following a misunderstanding regarding her location, Peralta's brother told Peralta to come out into the street so that he could see her. Peralta mistook an approaching car for her brother's car. She stepped in front of the car, which struck her. Realizing that he had struck someone, WSP Sergeant Ryan Tanner, the driver of the vehicle, called for backup and medical assistance. Peralta suffered serious injuries and was hospitalized.

We concluded that the trial court made numerous evidentiary errors. The facts of each are described in detail in our earlier opinion summarized below.

First, the trial court excluded deposition testimony of two witnesses, Sergeant Roy Rhine and Detective David Ortner. The trial court failed to determine if either witness made statements in his representative capacity of WSP, which would have made them admissible as statements of a party opponent.

Second, the trial court excluded eyewitness statements about whether Tanner's headlights were on at the time of the accident. The trial court failed to consider if the statements were admissible as prior consistent statements because WSP alleged recent fabrication.

Third, the trial court erred by compelling Peralta to disclose her consulting expert, and precluding her from calling an expert witness.

---

[1] We take the facts from our previous published opinion. *Peralta*, 191 Wn. App. 931. A more detailed recitation of the facts can be found at *Peralta*, 191 Wn. App 931.

Lastly, although we did not decide the issue in our previous opinion, we agree to decide whether the trial court erred in excluding a statement made to a paramedic regarding Tanner's speed at the time of the accident.

ANALYSIS

I.    STANDARD OF REVIEW

Generally, "[i]t is well established that errors in civil cases are rarely grounds for relief without a showing of prejudice to the losing party." *Saleemi v. Doctor's Assocs., Inc.*, 176 Wn.2d 368, 380, 292 P.3d 108 (2013). "[E]rror without prejudice is not grounds for reversal." *Thomas v. French*, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983). "Error will not be considered prejudicial unless it affects, or presumptively affects, the outcome of the trial." *Thomas*, 99 Wn.2d at 104; *Saleemi*, 176 Wn2d at 380. Reversal is required if it is reasonable to conclude that the trial outcome would have been materially affected had the error not occurred. *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 905, 151 P.3d 219 (2007).

II.    SERGEANT RHINE'S AND DETECTIVE ORTNER'S DEPOSITION TESTIMONY

We must first determine whether the trial court's exclusion of testimony from two WSP employees, Rhine and Ortner, prejudiced Peralta. We previously concluded that the trial court erred by not holding a hearing on whether Rhine or Ortner was a speaking agent for WSP. Rather than remand the matter to the trial court to decide this issue, for purposes of this opinion, we assume that they both were. We then review the issue solely on the issue of possible prejudice to Peralta.

Tanner testified he saw Peralta in front of his vehicle immediately before impact, he applied his brakes, and he swerved to try to avoid hitting her.

During her rebuttal, Peralta moved to publish a portion of Rhine's deposition testimony to impeach Tanner's testimony that he saw Peralta before impact. Rhine testified in his deposition that Tanner told him he did not see Peralta before he struck her.

After the collision, Clark County Sheriff Detective Ryan Taylor investigated it. He testified that a few days after the collision, he spoke to Peralta in the hospital, and she appeared conscious and alert during the interview. Peralta also told Taylor that she saw headlights approaching her prior to the collision and she walked out into the roadway.

Peralta also offered a portion of Ortner's deposition testimony to impeach Taylor's testimony that Peralta was alert and coherent during an interview at the hospital after the collision. Ortner testified in his deposition that he was present during the interview with Peralta and she was "a little bit groggy, I guess, so to speak." Supp. CP at 529; *Peralta*, 191 Wn. App. at 941 n.3 (quoting Suppl. Clerk's Papers (CP) at 529).

Peralta argues that excluding Rhine's deposition testimony was prejudicial because it could have been used to rebut Tanner's trial testimony. Tanner testified that he saw Peralta prior to impact. According to Rhine, Tanner told him the opposite.

We conclude that any error by the trial court for excluding Rhine's deposition testimony was harmless. Rhine wrote a police report regarding the incident. The trial court admitted the report. That report stated in pertinent part, that Tanner expressed concern for Peralta. He told Rhine, "'She just came out of nowhere! I believe from my left to right.'" Suppl. CP at 612. "He said he saw an upright figure in the middle area of the front of his vehicle. He said immediately before impacting the figure, he saw it appeared to have legs moving or walking. He said he had not seen the person and struck them." Suppl. CP at 612. Tanner exited his vehicle and confirmed

4

he had hit a person. "He said to that point, he wasn't sure what he had hit that he didn't see them prior to impact." Suppl. CP at 612.

Because Rhine's excluded deposition testimony was the same as his admitted report, the jury considered the evidence. The deposition testimony would have been cumulative. Any error in excluding the deposition testimony was harmless.

Peralta argues that excluding Ortner's deposition testimony was also prejudicial because Ortner's description of his hospital interview with Peralta could have been used to rebut Taylor's version of the interview. Ortner described Peralta's mental state as "groggy," while Taylor asserted that Peralta was "coherent and alert." Suppl. Br. of Appellant at 5.

This proffered evidence was cumulative with the testimony of Peralta's mother who was present in the hospital room during Tanner's interview.

Because Rhine's and Ortner's deposition testimony was cumulative, Peralta cannot show prejudice for the trial court's error.

III.    EYEWITNESS HEARSAY STATEMENTS

We next consider whether the trial court's erroneous hearsay exclusion of prior consistent statements by eyewitnesses prejudiced Peralta.

A prior consistent statement by a witness is not hearsay if it is consistent and used to rebut an allegation of recent fabrication. ER 801(d)(1)(ii).

The parties contested whether Tanner's headlights were on at the time of the collision. Peralta and Tanner testified that the headlights were on. Two witnesses, Rick Riddell and Guy Kirchgatter, testified that Tanner's headlights were off at first and then turned on. Riddell informed a law enforcement officer at the scene that Tanner's headlights were turned off. *Peralta*, 191 Wn. App. at 940.

5

Peralta tried to elicit testimony from Luann Pfleiger, Kirchgatter's mother, about what Riddell and Kirchgatter told her they saw on the night of the accident regarding Tanner's headlights. WSP objected and argued the question called for hearsay. The trial court sustained the objection. Peralta argued that under ER 801(d)(1), it was an admissible, prior consistent statement in response to an implication of recent fabrication in WSP's opening statement.

In opening statement, WSP stated, "'Now, unlike some of the witnesses whose testimony you will hear in this case who came up with their story several years after the event.'" *Peralta*, 191 Wn. App. at 941 (quoting 1 Report of Proceedings at 127). The trial court maintained its ruling on the objection after hearing from both parties regarding the claim of recent fabrication. *Peralta*, 191 Wn. App. at 940–41.

Based on WSP's opening statement where it implied that witnesses recently fabricated their testimony, Peralta should have been permitted to introduce the prior consistent statement. However, in closing argument, WSP argued that any inconsistencies in testimony regarding whether the headlights were on resulted from the passage of time.

In addition, we note that Peralta presented evidence that Tanner had not turned on his headlights. Two witnesses, Riddell and Kirchgatter, testified that Tanner's headlights were off at first and then turned on. Peralta directly contradicted this evidence by testifying that Tanner's headlights were on at the time of the collision.

Based on the evidence presented, the trial court's error did not prejudice Peralta.

IV.  COMPELLING PERALTA TO DISCLOSE CONSULTING EXPERT/BARRING PERALTA FROM PRESENTING AN ALCOHOL EXPERT

We now turn to whether compelling Peralta to identify her consulting expert witness prejudiced her case. Related to this issue is whether the trial court erred by barring Peralta from presenting an alcohol expert.

6

Peralta entered denials on two requests for admission that related to her blood alcohol level at or near the time of the collision. She also refused to answer interrogatories that sought the reasons for her denial. Peralta claimed the requested information was work product and privileged. WSP moved to compel discovery. "Peralta responded that her denials were based on a report written by a consulting expert whom she did not intend to call as a witness at trial. She argued that his opinion was protected as work product. This expert, later identified as Dr. William Brady, issued a written opinion in which he expressed doubt as to the reliability of the test establishing Peralta's serum blood alcohol level." *Peralta*, 191 Wn. App. at 939–40.

At a hearing on the motion to compel, counsel met outside the courtroom and came to an agreement. The trial court entered an order based on the agreement. It granted WSP's motion to compel. In addition to other matters, the order precluded Peralta from calling any expert she had not already disclosed.

WSP subsequently "moved to preclude Peralta 'from introducing any evidence or questioning any witness concerning any opinions, criticisms, or statements of Dr. Brady'" based on the trial court's previously entered order precluding Peralta from calling any expert not already disclosed. *Peralta*, 191 Wn. App. at 940 (quoting CP at 119).

The trial court granted WSP's motion but invited Peralta to bring a motion to modify the trial court's previous order. The trial court granted the State's motion to exclude Peralta's expert testimony without prejudice. Peralta did not seek modification or ask the court for relief on this issue.

The trial court erred by forcing Peralta to disclose its nontestifying expert. *Mothershead v. Adams*, 32 Wn. App. 325, 328-29, 647 P.2d 525 (1982). However, the prejudice Peralta identifies arises from the court's order, made at the agreement of the parties, which precluded her

from calling an expert. No prejudice actually exists because the trial court granted WSP's motion without prejudice and invited Peralta to seek modification. Because she never did, she cannot now complain about prejudice.[2]

V.    APPELLANT'S MOTION PURSUANT TO RAP 2.5(c)(2)

As a final matter, we address Peralta's request on remand that we revisit Peralta's second assignment of error, i.e. that the trial court erred by excluding as hearsay Tanner's admission to a paramedic that he was speeding at the time of the accident. On appeal, we did not reach the issue because the trial court did not appear to make a clear ruling on the statement by party opponent hearsay exception or on Peralta's offer of proof regarding what speed the paramedic would have testified to had the evidence been admitted.

WSP moved to exclude a paramedic's testimony regarding Tanner's speed because she could not identify Tanner as the source of the statement; therefore, it was hearsay. The paramedic, Heather Van Zandt, responded to the accident scene. She stated, "'I stuck my head out [the window] and asked the speed of travel—someone yelled 40–50 mph.'" *Peralta*, 191 Wn. App. at 938 (quoting CP at 225).

In response, Peralta argued that this evidence was admissible as an admission by a party-opponent because Tanner admitted he responded to Van Zandt. In support of her position, Peralta submitted a portion of Tanner's deposition testimony in which he was asked about the statement to paramedics:

---

[2] The parties do not raise the issue of invited error so we do not review it on that basis. *City of Seattle v. Patu*, 147 Wn.2d 717, 720, 58 P.3d 273 (2002) (holding that the invited error doctrine prevents party from setting up an error at trial and then complaining of it on appeal).

> "Q. Do you recall her yelling out the window and asking what was the speed?
>
> . . . .
>
> [Tanner]: I do recall at some point, I think—I'm not sure where they were at in the assessment or care of the patient. I recall one of the paramedics asking at some point—and I believe they were exiting the rear of the ambulance—for the approximate speed of the vehicle. And I recall saying about 40 miles per hour. I don't believe I said 48 to 50 miles per hour. That could have been somebody else she asked. I'm not sure. I don't know.
>
> . . . .
>
> I recall answering that question with it about 40 miles per hour."

*Peralta*, 191 Wn. App. at 938 (quoting CP at 216–17).

The trial court granted WSP's motion because insufficient evidence existed to show that Tanner made the statement. However, the trial court invited Peralta to raise the issue again during the trial.

We review a trial court's decision to admit or exclude the evidence for an abuse of discretion. *Cent. Puget Sound Reg'l Transit Auth. v. Airport Inv. Co.*, 186 Wn.2d 336, 350, 376 P.3d 372 (2016). A trial court abuses its discretion only if its decision is manifestly unreasonable or based on untenable grounds. *Cent. Puget Sound Reg'l Transit Auth.*. 186 Wn.2d at 350, 376. A trial court abuses its discretion only when it takes a view that no reasonable person would take. *Brundridge v. Fluor Fed. Servs., Inc.*, 164 Wn.2d 432, 450, 191 P.3d 879 (2008)

Here, we cannot say that the trial court abused its discretion by excluding the proffered paramedic testimony. The paramedic did not know who made the statement Peralta sought to introduce; therefore, she failed to establish a sufficient foundation that Tanner, a party opponent, made the statement.

We conclude that Peralta has either not shown prejudice or error, and we affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Johanson, J.