[No. 10128-2-III.   Division Three.   December 6, 1990.]

FRANK P. BAIRD, ET AL, *Plaintiffs*, v. DAVID S. LARSON, ET AL, *Appellants*, DONALD REDDINGTON, *Respondent.*

*Michael A. Arch, Thomas E. Janisch,* and *Foreman & Arch,* for appellants.

*Robert Dollinger, Gil Sparks,* and *Ogden Murphy Wallace,* for respondent.

SHIELDS, J.—In a suit for breach of contract, the court entered judgment in favor of Frank and Virginia Baird against David and Lanna Larson. David Larson appeals an award made in a separate order of expert witness and attorney fees to Donald Reddington, a certified public accountant (CPA) who testified at the trial. We reverse and dismiss.

Dr. Baird sold his practice to Dr. Larson, a competing Wenatchee orthodontist. During negotiations, Mr. Reddington, a Wenatchee CPA, was hired by both parties to appraise Dr. Baird's practice. The parties finally agreed on terms and Dr. Larson took over the practice. Dr. Larson defaulted; Dr. Baird filed suit. Dr. Baird listed Mr. Reddington as an expert witness in response to discovery requests. Dr. Larson gave notice of his intent to take Mr. Reddington's deposition. However, at the time his deposition was to be taken, Dr. Baird's attorney informed Dr.

Larson and his attorney "Mr. Reddington is not my expert witness, he is a witness in the case, and I intend to ask him questions here today just as you're asking them . . .". Both parties deposed him.

Following the deposition, Mr. Reddington billed Dr. Larson $576 for time spent preparing for, attending, and reviewing the deposition. Dr. Larson's attorney sent him a check for $25, the statutory witness fee under RCW 2.40-.010 and RCW 2.36.150, with a letter indicating defendants were treating Mr. Reddington "as a non–expert, occurrence witness to the facts involved in this case."

On May 25, 1989, Mr. Reddington wrote to the trial court asking for a clarification of his witness status at the deposition, his billing for $576, and the $25 statutory witness fee tendered by Dr. Larson as payment for his services. The following day, he was served by Dr. Larson with a subpoena and a check for $50 to testify at the trial.

Just prior to opening statements, Mr. Reddington asked for assurance he would be paid an expert witness fee as a condition precedent to his appearance in response to the subpoena. He later asked for assurance of payment for his deposition testimony as well. Dr. Larson's attorney offered to pay Mr. Reddington's expert witness fee "for testimony elicited from him by us". That afternoon Mr. Reddington filed a motion to quash the subpoena, or in the alternative, to award expert witness fees for time spent giving expert testimony at deposition and time spent testifying in trial and for attorney fees in preparing and bringing the motion.

The court heard the motion on June 1, 1989. The court found Mr. Reddington to be an expert witness for purposes of his trial testimony, entitled to an expert fee for his time at his normal hourly rate. The court also found Mr. Reddington entitled to his attorney fees. Payment prior to testimony was not required. The court deferred ruling on the matter of deposition fees at Dr. Larson's request. At the end of the hearing, the court noted for the record it had received a letter from Mr. Reddington which it was filing

along with the enclosures attached to it. Neither party objected.

On June 9, 1989, Dr. Larson called Mr. Reddington to testify regarding his valuation of Dr. Baird's orthodontic practice. Dr. Larson's key defense contention was Mr. Reddington overvalued goodwill and, because both he and Dr. Baird relied on Mr. Reddington's valuation of this item during negotiations, the parties proceeded on the basis of mutual mistake. Dr. Larson challenged Mr. Reddington's valuation of goodwill by first offering the expert testimony of CPA's Robert Neiman and Paul Sletton as to their opinions of its value. He then called Mr. Reddington to testify concerning the method he used in his valuation of goodwill. During Dr. Baird's cross examination of Mr. Reddington, Dr. Baird used Mr. Reddington's testimony to rebut that of Mr. Neiman and Mr. Sletton. After trial, judgment was entered for all payments in arrears plus interest, costs and attorney fees.

On July 10, 1989, the court held a supplemental hearing on the issues of witness fees and additional attorney fees. The court found Mr. Reddington "qualifies as an expert under the rules as it relates to his deposition, as it relates to preparation time for the testimony, and as to his testimony." It therefore concluded Mr. Reddington was entitled to an expert witness fee for both his deposition testimony and his trial testimony, and his preparation time for each. The court also concluded Mr. Reddington was equitably entitled to costs and reasonable attorney fees since he was forced to hire counsel to pursue the expert witness fee question.

After Dr. Larson filed this appeal, a satisfaction of judgment was filed which resolved all matters between Drs. Baird and Larson. The only unresolved matters on appeal are the trial court's award of Mr. Reddington's expert witness fees and his attorney fees and costs. Dr. Larson contends the trial court erred (1) by awarding Mr. Reddington

expert witness fees and (2) by awarding Mr. Reddington attorney fees and costs.[1]

As to the first contention, Dr. Larson argues the trial court abused its discretion by awarding Mr. Reddington expert witness fees for both his deposition and trial testimony and preparation time for each. He contends Mr. Reddington was not an expert witness for purposes of CR 26(b)(4)[2] at the deposition or at trial, but an occurrence, or fact, witness. Dr. Larson at the deposition and on direct examination at the trial examined Mr. Reddington regarding the method he had used in valuing the practice. Mr. Reddington was an actor in the transaction which gave rise to the controversy. He was treated as such by Dr. Larson at the deposition and on direct examination. Not until cross examination by Dr. Baird was Mr. Reddington treated as an expert witness to rebut the prior testimony of Mr. Neiman and Mr. Sletton.

Under CR 26(b)(4)(C), only an expert whom an opposing party expects to call as an expert witness at trial is entitled to be paid an expert witness fee by the party taking his deposition. Under the rule, only opinions acquired and developed in anticipation of litigation are expert opinions. *See Peters v. Ballard*, 58 Wn. App. 921, 795 P.2d 1158, *review denied*, 115 Wn.2d 1032 (1990). A review of the record reveals Mr. Reddington was clearly treated and questioned at his deposition by both parties as an occurrence witness.

---

[1]We do not address Dr. Larson's two preliminary contentions, that the judge should have recused himself and the court erred by considering Mr. Reddington's fee requests with the motion to quash trial subpoena, as they are not necessary for resolution of the case.

[2]In pertinent part, CR 26 provides:

"**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

". . . .

"(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subsection (b)(1) of this rule *and acquired or developed in anticipation of litigation or for trial,* may be obtained only as follows:" (Italics ours.)

At the June 1 hearing, the court expressed its conclusion Mr. Reddington was being called to testify as an expert because of "the type of work he does, that's based upon his education, background, experience . . . that relates to his occupation and whether or not he's regarded as an expert by the party calling him, he falls into that category." It is apparent the trial court viewed Mr. Reddington as an expert *person* because of his professional status. That is not the question. An expert person is not necessarily an expert witness as defined in CR 26(b)(4). Professionals who have acquired or developed facts and opinions not in anticipation of litigation but from involvement as an actor in a transaction, are not entitled to expert witness fees. 4 J. Moore, J. Lucas & G. Grotheer, *Federal Practice* ¶ 26.66[2] (2d ed. 1989); 31A Am. Jur. 2d *Expert and Opinion Evidence* § 19, at 33 (1989); *see also Peters.*[3] Mr. Reddington was subpoenaed by Dr. Larson to testify only for this latter purpose. Although he is a professional, his attendance as a witness is compelled by subpoena and tender of the statutory fee. For purposes of this trial, Mr. Reddington was not an expert witness for Dr. Larson. The court erred by finding Mr. Reddington an expert witness and awarding him expert witness fees for his deposition testimony and as an expert witness on his direct examination. Mr. Reddington's remedy for recovery of claimed professional fees does not lie in the context of litigation solely between two former clients.

As to the second contention, attorney fees are awarded only pursuant to a contract, statute or recognized ground of equity. *Walter Implement, Inc. v. Focht,* 107 Wn.2d 553, 730 P.2d 1340 (1987). No contractual or statutory authority is presented. In order to base an award in

---

[3]In *State ex rel. Berge v. Superior Court,* 154 Wash. 144, 146, 281 P. 335 (1929) the court stated: "[A]n expert witness is not entitled to demand additional compensation other than the ordinary witness fees, unless special services other than attendance to give testimony on the trial are required in order to enable the witness to testify." This is dicta, however, because the witness did not demand additional compensation.

equity, the losing party's conduct must constitute bad faith or wantonness. *PUD 1 v. Kottsick,* 86 Wn.2d 388, 545 P.2d 1 (1976). The court did not find bad faith, willful misconduct or wantonness on the part of Dr. Larson. A trial court abuses its discretion when its exercise is based upon untenable grounds. *See State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Here, the court abused its discretion.

We reverse and dismiss.

GREEN, A.C.J., and THOMPSON, J., concur.