[No. 29347-8-I.    Division One.    April 26, 1993.]

PETER PAIYA, *Plaintiff,* v. DURHAM CONSTRUCTION COMPANY,
INC., *Respondent,* WALL FINISHES, INC., *Defendant,*
JOHN P. LORGE, *Appellant.*

*John C. Peick* and *Trujillo & Peick, P.S.,* for appellant.

*Pauline V. Smetka* and *Helsell, Fetterman, Martin, Todd
& Hokanson,* for respondent.

WEBSTER, C.J. — Dr. John P. Lorge III, a chiropractor,
appeals the trial court's denial of his motion for a protective

order requiring counsel for Durham Construction Company (Durham) to pay expert witness fees for his deposition. Lorge claims the trial court erred in classifying him as an occurrence witness rather than an expert witness.

## FACTS

Peter Paiya, not a party to this appeal, was injured in an on-the-job accident, June 23, 1989. The next day, Paiya started treatment for his injuries with Lorge. Paiya continued treatment with Lorge frequently and regularly over the next year and one-half. On March 26, 1990, Paiya commenced an action for damages against Durham.

Durham sought to take Lorge's deposition. Thereafter, Durham's counsel and Lorge exchanged letters concerning fees for the deposition. When Lorge disagreed with Durham's fee tender of $100 per hour, Durham subpoenaed him, tendered a witness fee of $25 and required his attendance at counsel's office for the deposition. Lorge filed a motion for a protective order requiring deposition in his office and the payment of $300 per hour for deposition, preparation and/or travel. The court denied the motion. Shortly thereafter Paiya and Durham settled, and this appeal followed.

## DISCUSSION

Lorge claims he was an expert witness and entitled to $300 per hour in fee for his deposition. Lorge argues that before the treatment of Paiya terminated he anticipated that litigation might ensue; thus, he was an expert witness. We disagree.

An expert person is not necessarily an expert witness. The fact that a person considers himself an expert witness alone is insufficient to qualify him as an expert. *Peters v. Ballard*, 58 Wn. App. 921, 930, 795 P.2d 1158, *review denied*, 115 Wn.2d 1032 (1990). A treating health care provider is not a CR 26(b)(5) expert, but, instead is a factual (occurrence) witness unless facts and opinions are developed in anticipation of litigation. *Peters*, at 928. Professionals who acquire or develop facts not in anticipation of litigation are

not entitled to expert witness fees. *Baird v. Larson*, 59 Wn. App. 715, 720, 801 P.2d 247 (1990). The clear implication of CR 26(b)(5) is that to be classified as an expert witness the individual necessarily must have been retained by a party to develop facts and opinions in anticipation of litigation. *See Bruce v. Byrne-Stevens & Assocs. Eng'rs, Inc.*, 113 Wn.2d 123, 129-30, 776 P.2d 666 (1989).

Here, there is no indication in the record that either Paiya or his counsel retained Lorge in anticipation of litigation or that Lorge was consulted by Paiya's counsel concerning the case. Lorge was a treating health care provider; he treated Paiya for injuries. We find that while Lorge may be a medical expert, he did not acquire his factual knowledge and opinions concerning Paiya's condition for the purpose of litigation, but rather they were acquired simply for treatment.[1]

■ Lorge next claims the fact that Paiya's counsel declared an intent to call him as an expert witness at trial evidences his status as an expert witness. " '[T]he mere designation by a party of a trial witness as an "expert" does not thereby transmute the experience that the expert witness acquired . . . into experience that he acquired in anticipation of litigation or for trial.' " *Peters*, at 928 (quoting *Nelco Corp. v. Slater Elec. Inc.*, 80 F.R.D. 411, 414 (E.D.N.Y. 1978)). A common feature of all expert witnesses is that they have been "retained" for the purpose of preparing for litigation. The inclusion of the words "Trial Preparation" in the heading of CR 26(b)(5) indicates that discovery of experts is limited to information obtained for the purpose of preparing for the litigation in question. CR 26(b)(5); *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 332 (D.R.I. 1976). Thus, even though a professional is designated by counsel as an expert, if the information was not obtained or developed for the purpose of trial preparation, the witness is

---

[1]We note that inequities may exist in that a factual (or occurrence) witness who has significant expertise through training and experience is limited by statute to a witness fee of $25 for his time, RCW 2.40.010; RCW 2.36.150, while another person, with the exact same qualifications, designated as an expert witness, is reimbursed a reasonable witness fee for giving up time. CR 26(b)(5)(C).

not an expert witness. Facts and opinions which Lorge developed were not in anticipation of litigation or for trial. Counsel's designation did not make Lorge an expert witness.

Lorge next claims that since some of his deposition testimony was his professional opinion, that testimony made him an expert witness. Only opinions acquired and developed in anticipation of litigation are expert opinions. *Peters*, at 928. A professional who is testifying as an expert witness gives an opinion based on expertise and facts developed for the specific purpose of preparing for litigation. *Peters*, at 927. Such is not the case here.

The order denying Lorge's motion for a protective order is affirmed.

SCHOLFIELD and AGID, JJ., concur.

Review denied at 122 Wn.2d 1014 (1993).