FILED

FEBRUARY 23, 2017

In the Office of the Clerk of Court

WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | No. 34144-5-III |
| | ) | |
| A.R. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| | ) | |

PENNELL, J. — Joseph Huizar appeals a residential parenting schedule that temporarily suspended visitation with his daughter, A.R. We affirm the substance of the superior court's orders, but reverse a provision requiring Mr. Huizar to pay expert witness fees.

FACTS

Joseph Huizar is the father of A.R, who has always resided with her mother. Over the years, there have been various orders addressing visitation. In 2015, the trial court entered an order granting custody of A.R. to her mother and permitting Mr. Huizar one sixty-minute supervised visit a week for 52 weeks. The order specified that if Mr. Huizar missed more than one visit per month or more than five visits throughout the 52 weeks, his visitation with A.R. would be immediately suspended. No party appealed the 2015

order.

During the first half of 2015, Mr. Huizar attempted visits with A.R. through two different service providers. Both providers found the parents difficult to work with. The second provider, Peggy Mosshart, placed most the blame on Mr. Huizar. In August 2015, A.R.'s mother filed a motion to suspend Mr. Huizar's visitation. While the mother's motion was pending, the trial court ordered resumption of visitation under the supervision of GMC Training Institute. The mother's motion to suspend visits was ultimately denied, and visitation continued each week from August 21, 2015, through October 2015 with Mr. Huizar missing two visits on October 9 and 30. No visits occurred in November, but three visits occurred in December.

A.R.'s mother again filed a motion to terminate visitation in late 2015. In response, the trial court suspended Mr. Huizar's visitation and scheduled a one-day hearing for entry of a final parenting plan. Prior to the hearing Mr. Huizar filed an emergency motion to recuse the assigned judge, the Honorable Michael McCarthy. Mr. Huizar claimed Judge McCarthy had demonstrated bias against him and could not be impartial since the judge had been involved in a previous criminal case against Mr. Huizar. Mr. Huizar's recusal motion was denied.

No. 34144-5-III
*In re Parentage of A.R.*

After holding a hearing to address the final parenting plan, the trial court made several findings adverse to Mr. Huizar and entered a new residential schedule. Under the new schedule, Mr. Huizar's visitation with A.R. is suspended until he completes a psychological evaluation, at which time the court will reassess whether visitation can resume. The trial court also ordered Mr. Huizar to pay Ms. Mosshart $116.67 for her services as an expert witness at the hearing. Mr. Huizar appeals.

## ANALYSIS

*Recusal motion*

Mr. Huizar claims the trial judge abused his discretion in denying his recusal motion. We review such claims by asking whether a reasonably prudent and disinterested person would have viewed the judge as potentially biased. *State v. Brenner*, 53 Wn. App. 367, 374, 768 P.2d 509 (1989), *overruled on other grounds by State v. Wentz*, 149 Wn.2d 342, 68 P.3d 282 (2003). This standard is not met. Judge McCarthy had only limited involvement in Mr. Huizar's prior criminal case. His ruling in that case, which reduced the bail amount, was at least somewhat favorable to Mr. Huizar. There is no indication in the record that Judge McCarthy remembered the specifics of Mr. Huizar's case or held anything against him from the case. The circumstances simply are not indicative of bias or a potential for bias.

3

No. 34144-5-III
*In re Parentage of A.R.*

*Substantial evidence*

Under RCW 26.09.260(4), a trial court may alter a residential schedule to reduce or restrict contact between the child and noncustodial parent if the court finds the reduction or restriction is in the child's best interests. Such a finding must be based on the factors outlined in RCW 26.09.191. We review the trial court's placement decision for abuse of discretion. *In re Custody of T.L.*, 165 Wn. App. 268, 276-77, 268 P.3d 963 (2011).

After a hearing on the mother's motion to terminate supervision, the trial court imposed new restrictions on Mr. Huizar's contact with A.R. These new restrictions were based on the trial court's determination that the factors from RCW 26.09.191(2)(a)(i),(iii) and .191(3)(a),(e) were present in this case. The trial court's determination that those factors from RCW 26.09.191 were present was based on its findings that Mr. Huizar: (1) has a history of domestic violence against three women he was intimate with, (2) had no personal relationship with A.R. prior to the filing of the first parenting plan in 2013, (3) exercised his right to supervised visitation only once between August 2013 and February 2015 (4) missed 14 weekly visits during 2015 without reasonable excuse, (5) through his abusive behavior forced two professional supervisors to quit the case, (6) forced Ms. Mosshart to have an adult conversation in front of A.R. to A.R.'s

4

detriment, (7) was verbally abusive to A.R.'s mother during January 2016, and (8) did not appear to benefiting from his domestic violence classes. Mr. Huizar argues substantial evidence does not support findings 1, 2, 4, 6, and 8. We disagree.

*History of domestic violence*

The trial court's domestic violence finding is based on findings from a previous order in this case from 2015. That order found Mr. Huizar had a history of domestic violence and the order was never appealed. Additionally, there is evidence in the record showing Mr. Huizar committed an act of domestic violence toward a girlfriend in 2010. There is also evidence of domestic violence directed at A.R.'s mother. There is substantial evidence in the record to support the finding that Mr. Huizar has a history of domestic violence.

*No personal relationship with A.R.*

The trial court found Mr. Huizar had no personal relationship with A.R. between 2013 and February 2015. This finding was made in the 2015 order that was never appealed. Mr. Huizar has presented no argument or evidence that this finding was not supported by substantial evidence when made in 2015. We will not disturb this finding.

*Missing 14 weekly visits without reasonable excuse*

Mr. Huizar appears to be arguing the trial court unfairly held him responsible for

all of his missed visits and that he could not have missed more than 5 visits total. The testimony and reports support the trial court's conclusion. The court was not required to accept Mr. Huizar's various proffered excuses, especially in light of the reports of abusive behavior toward the service providers. Substantial evidence supports the finding Mr. Huizar missed 14 visits in 2015 without reasonable excuse.

*Conversation with Ms. Mosshart in front of A.R.*

Ms. Mosshart testified to a conversation with Mr. Huizar about visitation that took place in front of A.R. The trial court was entitled to find this evidence credible.

*Domestic violence classes were not benefitting Mr. Huizar*

Despite attending 29 domestic violence classes over the course of the case, there was evidence Mr. Huizar continued to engage in abusive and threatening behavior directed at A.R.'s mother. These circumstances permitted the court to find Mr. Huizar had not benefitted from his domestic violence classes.

*Ms. Mosshart's witness fee*

The trial court labeled the fee for Ms. Mosshart's testimony as an "expert witness fee." Clerk's Papers at 86. However, Ms. Mosshart was never qualified as an expert witness. ER 702. She appears to have been subpoenaed as a fact witness. Accordingly, imposition of an expert witness fee was inappropriate. *Baird v. Larson*, 59 Wn. App.

No. 34144-5-III
*In re Parentage of A.R.*

715, 801 P.2d 247 (1990).[1]

*Entry of 2016 parenting plan/residential schedule*

Mr. Huizar generally argues the trial court abused its discretion by not complying

with the various statutes he cites in his brief. He first asserts the trial court did not

consider the factors listed in RCW 26.09.187(3). The argument is misplaced. That

statute directs the trial court to develop a residential schedule consistent with the factors

listed in RCW 26.09.191. If the factors in RCW 26.09.191 are dispositive, the trial court

need not consider the additional factors from RCW 26.09.187(3)(a)(i)-(vii).

RCW 26.09.187(3)(a). As explained above, the trial court found that four factors listed in

RCW 26.09.191 apply in this case. The presence of those factors was the basis for the

restrictions in the residential schedule. The trial court did not need to consider the

additional factors listed in RCW 26.09.187(3).

Mr. Huizar next argues the trial court did not consider the objectives of a parenting

plan outlined in RCW 26.09.184. He specifically argues the trial court did not consider

A.R.'s changing needs as she grows older. *See* RCW 26.09.184(1)(c). Mr. Huizar's

argument ignores the remainder of RCW 26.09.184(1). The rest of that section identifies

---

[1] The record is silent on whether Ms. Mosshart was entitled to standard witness fees under RCW 5.56.010.

7

the other objectives of a parenting plan: (1) providing for the child's physical care and emotional stability, (2) considering the factors from RCW 26.09.187 and .191, (3) minimizing the child's exposure to harmful parental conflict, (4) encouraging the parents to settle matters without judicial intervention, and (5) protecting the best interests of the child.[2] RCW 26.09.184(1). The trial court considered all of these factors when it entered the 2016 parenting plan and residential schedule. Mr. Huizar's specific argument about RCW 26.09.184(1)(c) is misplaced. The 2016 parenting plan and residential schedule does not bar all future visitation. Mr. Huizar must simply obtain a psychological evaluation and meet other criteria before visitation can resume. The tasks set forth by the trial court are ones Mr. Huizar has the ability to complete. The issue of whether Mr. Huizar will play a role in his daughter's life as she grows older ultimately lies in Mr. Huizar's hands, not the courts.

Mr. Huizar next argues the trial court erred because it did not apply RCW 26.10.160(2)(n). That section only applies if the trial court finds there is no

---

[2] "The best interests of the child are served by a parenting arrangement that best maintains a child's emotional growth, health and stability, and physical care. Further, the best interest of the child is ordinarily served when the existing pattern of interaction between a parent and child is altered only to the extent necessitated by the changed relationship of the parents or as required to protect the child from physical, mental, or emotional harm." RCW 26.09.002; *See also* RCW 26.09.184(1)(g).

8

evidence that physical or emotional abuse will occur, and it is not in the child's best interests to limit contact. RCW 26.10.160(2)(n). The trial court did not make such a finding here. Instead, the trial court found it would be in A.R.'s best interests to have minimal contact with her father based on his volatile and abusive behavior. The trial court also found some of the factors from RCW 26.09.191 apply here. *See* RCW 26.10.160(2)(a). The trial court did not need to apply RCW 26.10.160(2)(n).

Mr. Huizar last argues the trial court erred because it did not find a substantial change in circumstances. RCW 26.09.260(1) states that a trial court must find a substantial change in circumstance before modifying a parenting plan unless the provisions of RCW 26.09.260(4) apply. RCW 26.09.260(4) permits a court to limit contact between the child and noncustodial parent if such a limitation is in the best interests of the child based on the factors in RCW 26.09.191. As explained above, the trial court found four of the factors from RCW 26.09.191 apply here. The trial court did not need to find a substantial change in circumstances.

### ATTORNEY FEES

Because Mr. Huizar has not substantially prevailed on this appeal, we decline to award fees and costs. RAP 18.1. A.R.'s mother has not requested costs and therefore is also not entitled to an award of appellate fees or expenses. *See* RAP 18.1(b).

9

No. 34144-5-III
*In re Parentage of A.R.*

## CONCLUSION

The trial court's orders on the parenting plan and residential schedule are affirmed.

The award of expert witness fees to Peggy Mosshart is reversed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____            _____
Lawrence-Berrey, A.C.J.                      Siddoway, J.

10